Mr. Justice ThacheR
delivered the opinion of the court.
This was an action of debt, instituted in the circuit court of Rankin county by Leach, assignee of Hallett<fc Stewart, against King, Pearson & Crozier. The declaration alleges the cause of action to be, that the “defendants, styling themselves trustees of the Methodist church,” by the names of John W. King, John A. Pearson, and R. G. Crozier, trustees, promised to pay, &c. Plea in the action, nil debet, by the administrator of John A. Pearson, deceased. Upon the trial below, the plaintiff offered in evidence the following promissory note, to wit:
“$995 00. “ BRandon, October 30, 1839.
“On the first day of January, 1839, we, as trustees of the Methodist church, promise to pay Hallett & Stewart, nine hundred and ninety-five dollars, value received, the day above written.
“John W. King, j “John A. PeaRson, s “ Trustees “ R. G. Crozier, )
Upon an objection to the introduction, in evidence, of the foregoing note, it was not admitted by the court below, to which judgment of the court the plaintiff excepted.
The action was instituted against the defendants in their individual capacity. The description of the instrument in the declaration, which gave the foundation for the action, in point *228 of law, is the description of an instrument made by the parties to it, in their individual capacity. If the promissory note offered in evidence, upon its face shows a note made by the parties defendant, in a fiduciary capacity, and not in an individual capacity, then, upon the principle that the probatum must correspond to the allegattim, the note offered in evidence is, plainly, such a variance as justified its rejection by the court. Had the note offered in evidence, been framed as described in the declaration, by the defendants merely styling themselves “ trustees,” &c. that description could properly have been regarded but as descriptio personarum ; but that note shows it to have been made by the defendants “ as trustees,” &c. which form of language has been held in this court, and, repeatedly, elsewhere, to be evidence of a contract or promise not made in an individual, but in a fiduciary capacity. Carter v. Phelps Adm'r. 8 John. 439 ; Neeley et ux. v. The Planters Bank, 4 S. & M. 118.
Judgment affirmed.