LAWTON v. SWIHART.

A bill of exceptions filed at a term subsequent to that at which the alleged errors were committed, and not showing that time was then given to prepare it, is too late to avail the party taking it upon appeal.

A. sued B. upon three promissory notes, alleging in the complaint, that B. "made his promissory notes," &c. Upon the trial A. offered in evidence three notes, signed—" C. by B." Upon objection they were excluded because they did not tend to prove the averment. Held, that this was right.

APPEAL from the *Allen* Circuit Court.

HANNA, J.—This was a suit commenced upon three promissory notes, previous to the adoption of our new code of procedure, and tried after its adoption. Finding and judgment for the defendant.

The record shows that a bill of exceptions was taken at the *May* term, 1855, of the Court, for several alleged errors, and among others for refusing to permit the plaintiff, at the *August* term, 1854, to amend his declaration. The record does not show that time was given to prepare a bill of exceptions. It was therefore too late to take a bill at the time this was procured and filed. 2 R. S. p. 115. —*Mills* v. *Simmonds*, at this term (1).

The plaintiff offered in evidence three notes signed " *H. L. Ellsworth,* by *Henry Swihart.*" The evidence was objected to and excluded. This was right, the averment in the declaration was in the usual form, that defendant had " made his promissory notes," &c. The evidence offered was the notes of *Ellsworth,* so far as appears, and did not tend to prove that averment. We do not think he could, under the issues upon which he went to trial, be permitted to prove that the defendant had no authority to make the notes, as agent, and by that means attempt to fasten individual liability upon him. If he had desired to avail himself of that proof, he should have asked leave to amend his pleadings, and that would have presented the question whether he ought to have been permitted to make the amendment—a question we do not decide, as it is not before us.

*Per Curiam.*—The judgment is affirmed with costs.

WORDEN, J., was absent.

*R. Brackenridge*, jun., for the appellant.

*J. L. Worden*, for the appellee.

(1) *Ante*, 464.