HAMILTON *v.* THE STATE.

A crop of cotton and corn mortgaged in May and sold in November is, when sold, personal property under mortgage; and if the sale be such as violates section 4600 of the code prescribing a penalty for fraudulently selling personal property, the offense is punishable under that section.

October 8, 1894.

Indictment for fraudulently selling personal property after giving a mortgage thereon. Before Judge HENRY. Catoosa superior court. February term, 1894.

R. J. & J. McCAMY, for plaintiff in error.

A. W. FITE, solicitor-general, *contra.*

SIMMONS, Justice.

Section 4600 of the code prohibits a mortgagor of personal property from selling or otherwise disposing of the same without the consent of the mortgagee and with intent to defraud him. Under this section the accused was indicted, the indictment alleging, in substance, that on the 10th of May, 1892, she executed and delivered to Alexander a mortgage on her growing crop to secure the payment of a certain amount of money which she owed him, which would become due on the 15th day of October, 1892; and that on the first day of November, 1892, she sold and disposed of the mortgaged property with intent to defraud Alexander, without first obtaining his consent and before payment of the indebtedness for which the mortgage was executed, and that Alexander sustained loss thereby. The accused was found guilty, and made a motion in arrest of judgment, on the ground that the property described in the mortgage was not personal property, and therefore not within the provisions of the section above referred to.

A distinction exists by which it may be determined whether things growing upon land are realty or personalty. That distinction is, that if the growths are *fructus naturales*, that is, the natural and spontaneous productions of the land, they are regarded as a part of the land, and consequently as real estate; but if they are *fructus industriales*, that is, the result of labor performed about the land, they are personalty. 1 Corbin's Benjamin on Sales, §126; note to Norris *v.* Watson, 55 Am. Dec. 162. Growing trees, fruit or grass, the natural produce of the earth, and not annual productions raised by the industry of man, are part of the land itself; while on the other hand, annual productions or fruits of the earth, planted and cultivated by labor, are personalty. Cotton, which is planted each year and cultivated, is therefore personal property and subject to be mortgaged as such, though

still growing upon the land.   Before maturity, growing crops cannot be sold under execution (§3642), but it is quite likely that the owner can sell them before that time, and if he should do so without selling the land at the same time, it would be a recognition on his part that they were personalty.   So if he should give a mortgage upon them, and should afterwards sell them before maturity without the consent of the mortgagee and with intent to defraud him, we think he would be subject to the penalty prescribed in section 4600, *supra*. But whether this is so or not, we think there can be no doubt that if he should sell them after maturity, as appears to have been done in this case, without such consent and with intent to defraud the mortgagee, this section would apply.   It is well settled that when such crops have matured and ceased to draw sustenance from the land, they become personalty.   The crop in question being personalty when sold and being then subject to the mortgage, it does not matter whether it was personalty or not at the time it was mortgaged.   The trial judge therefore did not err in overruling the motion in arrest of judgment.   In addition to the authorities cited *supra*, see 2 Schouler on Personal Property, §§448–452.

*Judgment affirmed.*