### SOUTHERN RAILWAY COMPANY *v.* BARFIELD.

FISH, J. 1. Though an acknowledgment of service entered on a bill of exceptions be not dated, yet if it otherwise affirmatively appear from official entries thereon that it was actually served within the time prescribed by law, the writ of error will not be dismissed on the ground that the fact of service does not duly appear.

2. When the defendant to a case goes to trial on the petition and answer, and does not, by demurrer or appropriate motion in the nature thereof, challenge the legal sufficiency of the petition, it is not improper to try the case accordingly. Applying this well-settled rule to numerous grounds of the motion for a new trial in the present case, there was no error in the omissions to charge or in the instructions complained of. It appears from the motion itself that one of the propositions, the failure to charge which is complained of, was in fact given to the jury, and the omissions to charge related to matters which, under the pleadings, were not pertinent. The instructions excepted to, whether abstractly correct or not, were adjusted to the pleadings as they stood. *Macon Consolidated Street Railroad Co.* v. *Barnes,* 113 *Ga.* 212.

3. There was, under the rule above announced, no error in admitting evidence, save in a single instance, and the evidence improperly allowed was not of sufficient materiality to affect the result.

4. Inasmuch, however, as the plaintiff did not prove his case as laid in his petition, but, on the contrary, even by his own testimony, affirmatively showed that he could, by the exercise of ordinary care, have avoided the injuries for which he sued, and that the same were not really attributable to the alleged negligence of the railroad company, the verdict against the latter was unwarranted and should be set aside.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*

Submitted May 1, — Decided June 10, 1902.

Action for damages. Before Judge Reagan. Fayette superior court. October 28, 1901.

*Arthur Heyman, J. W. Wise,* and *A. O. Blalock,* for plaintiff in error. *R. L. Berner* and *E. E. Spurlin,* contra.