## McNORRILL v. DANIEL.

1. The petition sufficiently described the property which was the subject-matter of the suit, and set forth facts which authorized a recovery of damages by the plaintiff.

2. There was no error requiring a reversal of the judgment.

Argued October 4, — Decided October 17, 1904.

Complaint. Before Judge Seabrook. Burke superior court. April 5, 1904.

*Johnston & Fullbright,* for plaintiff in error.
*Lawson & Scales,* contra.

COBB, J. Daniel brought a petition in the superior court against McNorrill, which was divided into four paragraphs. The first paragraph alleged that the defendant was in possession of certain articles of personal property, which were described as follows: " One sorrell horse about nine years old, named Pat, of the value of $75; two 2-horse wagons, one Studebaker and one Wilburn, value of $60; one Boss Lidell cotton-press, value of $50; one Derring Mowing Machine and rake, value of $25; one red road cart, value of $15; one black Columbus buggy (formerly owned by W. Holmes), value of $20; all farming utensils, plows, cotton planters, plow-gear, etc., stored on the Warnock place, said county, value of $40; 175 acres of cotton in field, more or less, supposed to make ten bales of cotton, said cotton being matured, of value of $350; 3,500 lbs. seed cotton in field, more or less, in house on Warnock place worked by R. C. McNorrill, value of $65; 400 bus. corn, more or less, in barn on Warnock place, in said county, worked by R. C. McNorrill, value of $275; 7,000 lbs., more or less, of fodder in stack on Warnock place, value of $50; 2 tons of hay, more or less, in gin-house Warnock place, of value of $35; 30 bus. peas in house, more or less, and 20 bus. peas matured in field, more or less, on Warnock place, value of $37.50; 1,000 bus. of cottonseed at gin-house on said Warnock place, value of $175; 100 bus. cottonseed at gin-house on Daniel Sons & Palmer Batt place in said county, value of $20; including all the corn, cotton, cottonseed, fodder, hay, and all other produce grown, being grown, matured or stored and raised on the Warnock place in the 75th Dist. G. M., Burke Co., Ga., whereon the said

R. C. McNorrill resides and farmed during the year 1902; said lands having a boundary on Buckhead Creek and adjoining lands of Jones, Murohee, and others." The second paragraph alleged the value of the property, and that it embraced all of the crops raised on the Warnock place by the defendant during the year 1902, on which place it is alleged he resides. The third paragraph alleged that the plaintiff claimed title to the property. The fourth paragraph alleged that the property had been demanded of the defendant, who refused to deliver the same or to pay the plaintiff the profits thereof. The petition concluded with a prayer for process. To this petition the defendant demurred, upon the ground that the description of none of the property was sufficiently definite to authorize a recovery, and that this was particularly true in regard to the farming utensils and the crops; and on the further ground that the crops in the field were realty and could not be the subject of an action of trover. The judge sustained the demurrer as to the items which referred to crops alleged to be growing crops, and overruled the demurrer on all the other points. At the conclusion of the plaintiff's evidence the defendant moved for a nonsuit, which motion was overruled. The defendant introducing no evidence, the court directed a verdict in favor of the plaintiff. Error is assigned by the defendant upon the rulings above referred to which were adverse to him, and also upon certain other rulings which were made during the progress of the trial.

1. The pleader does not characterize his action. He simply sets forth facts upon which he relies for a recovery; and if these facts are such as in law entitle the plaintiff to recover, it is not necessary that the action should be classified or characterized by any name. If the plaintiff is the owner of the property referred to in the petition, and the defendant is wrongfully in possession thereof, the plaintiff is entitled to recover damages for a refusal to deliver possession to him, and it is immaterial whether the crops are growing crops or matured crops, or whether they are personalty or realty. The law requires the plaintiff to set forth his cause of action plainly, fully, and distinctly, and, subjected to this test, the petition is sufficient; for it shows a right in the plaintiff and a wrong by the defendant, and this is sufficient to authorize a recovery. The plaintiff's petition sets forth a cause of action. The description of the property

is sufficiently definite, and the petition is not subject to any of the objections raised in the demurrer. If objection had been raised in any way to the bail process sued out on the petition,. it would have been necessary to determine whether matured crops are realty or personalty; but no such question was raised. See, however, on this question, *Hamilton* v. *State*, 94 *Ga.* 770 ;. *Bagley* v. *Ry. Co.*, 98 *Ga.* 643.

2. The bill of exceptions assigns error upon a ruling of the judge admitting in evidence an instrument in writing; but as the: writing is not set forth, either literally or in substance, in the bill of exceptions, or attached thereto as an exhibit, this assignment. of error can not be considered. *Binion* v. *Ry. Co.*, 118 *Ga.* 282.

Error is further assigned upon the ruling which permitted the plaintiff to testify that cotton which had been placed in his. hands was credited on "the note of 1901;" the objection being that there was no legal evidence that he had a note of 1901, the note being the best evidence. There was no merit in this objection. The disposition of the cotton was the matter under investigation, and the plaintiff did not attempt to testify as to the contents of the note. If the plaintiff had no claim against the: defendant which would authorize the appropriation of the cotton, or if the appropriation was unauthorized, the defendant should have made this appear by competent evidence.

The evidence for the plaintiff established all of the material allegations of the petition, and was of a character to demand a finding in his favor; and there being no evidence introduced in behalf of the defendant, the court properly overruled the motion for a nonsuit, and committed no error in directing a verdict for the plaintiff.          *Judgment affirmed. All the Justices concur.*