1847.  GORDON & COMPANY *v.* ATLANTIC COAST LINE
RAILROAD COMPANY.

1. In an action of trover it is error to award a nonsuit upon the ground that the value of the property sought to be recovered has not been shown in advance of the election on the part of the plaintiff to recover damages in lieu of the identical property alleged to have been converted, where it does not appear that it is beyond the power of the defendant to restore the property.

2. Even should the plaintiff in an action of trover elect to recover an alternative verdict in damages, in a case where, by the wrongful conversion of the article sought to be recovered, it has been placed beyond his power to show the true value of the personalty in question, he may recover the highest value of the best quality of such personalty.

Trover; from city court of Savannah—Judge Freeman.  March 22, 1909.

Argued June 9, 1909.—Decided February 10, 1910.

W. W. Gordon Jr., Edward S. Elliott, for plaintiffs.

Garrard & Meldrim, for defendant.

RUSSELL, J.  Exception is taken to the award of a nonsuit. W. W. Gordon & Company brought a petition against the Atlantic Coast Line Railroad Company, seeking to hold the company liable in trover for the conversion of one bale of cotton, marked "S. I. No. 14;" weighing 367 pounds, and alleged to be of the value of 29 cents per pound, which had been consigned to the petitioners at Savannah, Georgia, and a bill of lading for which had been received by them.  It appears, from the evidence, that Gordon & Company are cotton factors, and that the cotton was consigned to them by a customer who had been indebted to them at the end of the previous season about $35, with the request that from its proceeds a draft in favor of one Summerlin should be paid.  The bill of lading showing W. W. Gordon & Company, of Savannah, Georgia to be the consignees of the bale of cotton described in the petition was put in evidence.  The market report as to prices of sea-island cotton, showing that prices of such cotton ranged from 14 cents to 30 cents per pound in the Savannah market at the time that the cotton should have been received, was also put in evidence. It appears, from the evidence, that the price of sea-island cotton varies greatly, dependent upon the grade, and there was no evidence on the part of the plaintiffs tending to show what was the grade of the cotton in controversy.  It is testified that "fancy Floridas"

were worth at the time in question about 29 to 30 cents per pound, and that the lowest grade in the market was from 14 to 15 cents. It was admitted by the defendant that another bill of lading was issued February 19, 1908, and that the cotton was by the railroad company delivered to Butler, Stevens & Company February 25, 1908. At the conclusion of the plaintiffs' evidence the court granted the defendant's motion for a nonsuit. The motion was based upon two grounds: (1) that there was no evidence showing the grade of the sea-island cotton in question, and therefore no value was proven; (2) that the consignor had the right to change the consignee. It appears from the bill of exceptions that the court awarded a nonsuit upon the first ground. The sole question which arises for our determination, therefore, is whether the plaintiffs failed to prove their case, as laid, by reason of the fact it was unable to show the grade of the cotton contained in this particular bale. There can be no question that when the railroad company issued its bill of lading on January 18, 1908, it was transferable, and the rightful possession of the bill of lading by transfer entitled the holder of the bill of lading to the possession of the articles described in it and of which it was a symbol. It is immaterial whether the bill of lading given conveyed title to Gordon & Company or not, for trover is maintainable by one who has the right of possession, as well as by one who has title or right of property (*Groover* v. *Iler*, 1 *Ga. App.* 77 (57 S. E. 906)); and therefore the court properly refused to sustain the motion for nonsuit upon the second ground. We think, however, that the court erred in nonsuiting the plaintiff's case, because not only had there not been an election on the part of the plaintiffs to take the value of the property in question instead of the property itself, but because, if it was to be anticipated that the petitioners were asking for a money verdict, they were entitled to receive the highest proved value of such cotton as that described in the bill of lading. It is well known, as to cotton of all kinds, that the higher the grade, the higher the price. To prove, therefore, that the best grade of sea-island cotton was worth a certain price was to show the highest possible value of the bale of cotton, and to cast upon the defendant the burden of showing the bale of cotton as a whole was of lower value, by compelling the defendant to prove that the cotton was of a grade below the highest. The defendant could not take advant-

age of its own wrong. Many cases of conversion may arise in which it will not be within the power of the complainant to show the quality of the article converted by the defendant; and for this reason we do not think it would do to hold otherwise than that in such cases the burden of showing the true market value of the article converted is shifted to the defendant. The case of Bailey *v.* Shaw, 24 N. H. 297 (55 Am. D. 241), we think is clearly in point. In that case it was held that one who put it out of the power of the owner to show the quality and value of the property whose value is sought to be recovered is liable for the value of the best quality of such goods. It must be borne in mind that even though value is alleged in the declaration, it is not necessary to prove value in order to recover personalty by trover. *White* v. *White,* 71 *Ga.* 670. A plaintiff may recover in trover even though there is no evidence at all as to the value of the property. *Morton* v. *Frick Co.,* 87 *Ga.* 230 (13 S. E. 463). And where the plaintiff elects to recover not the property itself, but an alternative verdict, it is to be remembered that the finding is in the nature of a recovery of damages, and that as to this the rule laid down by Chancellor Kent, as stated in *Hall* v. *Page,* 4 *Ga.* 428 (48 Am. D. 235), is that damages are given to the utmost value that the article will bear. Concisely stated, then, we think that a nonsuit should not have been awarded; because it cut off the plaintiffs' right to demand a verdict for damages if they should desire to do so. See *O'Neill Mfg. Co.* v. *Woodley,* 118 *Ga.* 114 (44 S. E. 980). Under the doctrine above stated, the plaintiffs might have been awarded by the jury, in its discretion, the highest market price of the best quality of sea-island cotton, for the reason that the conversion by the defendant of the bale of cotton in question may have put it out of the power of the plaintiffs to show the real grade. And certainly it was error to nonsuit, debarring the plaintiffs from recovering the bale of cotton in question, regardless of its value, if damages were not asked by the plaintiffs in lieu thereof, in view of the fact that it was not shown that the cotton had been used or destroyed.                 *Judgment reversed.*