### 11538.   SISSON *v.* ROBERTS.

SMITH, J.   1. Where the owner of an automobile delivers it to the proprietor of a garage, for the purpose of having repairs made upon it, and no agreement is made as to the time in which the repairs are to be completed, the question as to what is a reasonable time is one for determination by a jury.

2. Where, after the delivery of the automobile for repairs, it is taken down and dismantled, and the parts are distributed around the shop among other like parts of machines and machinery, so as to make it impracticable, without putting the parts together again, to give an opinion as to the value of the machine, and the owner brings trover, after demand for the return of the property, claiming that it was kept for an unreasonable time, and claiming also that he, at the time of the demand, offered to pay whatever charges for repairs had accrued up to that time, evidence as to the value of the property at the time it was placed in the hands of the defendant, and evidence as to its value a week, or as much as a month, prior to that time, was admissible, and was such evidence as could be considered by the jury in determining the highest market value of the property between the time of conversion and the date of the trial of the case, the defendant not pleading or attempting to show by evidence that there had been any change in the condition of the property after delivery to him. See, in this connection, *Gordon* v. *Atlantic Coast Line R. Co.,* 7 *Ga. App.* 355, 356 (66 S. E. 988).

3. The court did not err in rejecting the amendment to the defendant's answer, which amendment sought to recoup an amount claimed to be due the defendant for work and repairs made on the automobile in question. See *Youngblood* v. *Armour Fertilizer Works,* 23 *Ga. App.* 731 (1, 2) (99 S. E. 314), and cit.

4. The charge of the court fully and fairly submitted to the jury the substantial issues in the case and the law applicable thereto, and the

excerpts from the charge complained of, when taken in connection with the entire charge, do not contain reversible error.

5. There was evidence to support the verdict, and, it having the approval of the trial judge, this court will not interfere with his judgment refusing a new trial.

<em>Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.</em>

DECIDED NOVEMBER 2, 1920.

Trover; from city court of Hall county — Judge Wheeler. March 23, 1920.

*E. D. Kenyon*, for plaintiff in error.

*J. M. Merritt, Sloan & Sloan*, contra.