### 11462.   WASHINGTON & LINCOLNTON RAILROAD CO. *v.* POWELL.

JENKINS, P. J.   The railroad company was sued for the loss of one bale
out of a shipment of 100 bales of cotton of the " average " weight of
525 pounds and of the value of $157.50.   It demurred on the ground
that the plaintiff's petition failed to specify which bale was lost or
the weight of that bale.   The demurrer was overruled.   The defend-
ant's answer denied the alleged loss.   The case was referred to an
auditor, who found in favor of the defendant, exceptions were taken
to his finding, and the loss by the defendant of the bale of cotton
was contested on the trial of the exceptions.   There was no dispute
in the testimony as to what was the " average " weight of the bales
shipped, or as to the price.   It was agreed in open court that the
jury might render a general verdict.   The verdict was, " We, the jury,
find against the auditor."   Upon this verdict a judgment was entered
in favor of the plaintiff, for the amount sued for.   The bill of excep-
tions recites the filing of defendant's demurrer and states that excep-
tions pendente lite to its overruling were entered, and proceeds to
assign error upon the action of the judge in overruling the demurrer,
but does not assign error on the exceptions taken pendente lite as thus
mentioned.   There was a motion to set aside the judgment, and also a
motion for a new trial, and exception is taken to the overruling of each
motion.   The plaintiff in error contends:   (1) that the verdict was
unauthorized by the evidence; (2) that the cotton was not sufficiently
identified; and (3) that the verdict was insufficient to afford a basis
for the judgment entered.   *Held:*

1. Where the losing party makes a motion for new trial and also a
motion to set aside the verdict and judgment, both of which are
overruled, he may, by separate bills of exceptions, bring to this court
the questions thus raised, although both rulings might have been
excepted to in one bill.   It is the better practice, as was here done,

to embody in one bill of exceptions all questions which may be legally raised therein. *Hay* v. *Collins*, 118 *Ga.* 243 (44 S. E. 1002).

2. The evidence was sufficient to authorize the finding that the defendant received for shipment and failed to account for the bale of cotton sued for.

3. Error not being assigned upon the exceptions taken pendente lite (see *Sovereign Camp of Woodmen of the World* v. *Warner*, ante, 449; *Ponder* v. *State*, ante, 766), the case stands as if no demurrer to the petition had been filed, and since the petition sets forth a cause of action and the proof sustains the charge as made by the plaintiff and denied by the defendant, it was not improper to try the case on the issue thus made. *Southern R. Co.* v. *Barfield*, 115 *Ga.* 724 (42 S. E. 95); *Clanton* v. *Rowan*, 23 *Ga. App.* 355 (2) (98 S. E. 236). See also *Gordon* v. *Atlantic Coast Line R. Co.*, 7 *Ga. App.* 354 (2) (66 S. E. 988).

4. Inasmuch as counsel had agreed that a general verdict might be rendered, and since there was no dispute as to the value of the cotton or as to what constituted the average weight of the entire shipment, the judgment was the only one that could have been framed in accordance with the true intendment of the verdict, and it was therefore permissible. *Manget Co.* v. *White Crown Fruit Jar Co.*, 20 *Ga. App.* 339 (93 S. E. 307).

*Judgment affirmed. Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 11, 1920.

Action for damages; from Lincoln superior court—Judge Walker. March 25, 1920.

*I. T. Irvin Jr., W. A. Slaton,* for plaintiff in error.
*Clement E. Sutton,* contra.