26018. WHITE *v.* DALTON, administrator.

DECIDED MAY 14, 1937.

*C. D. McCutchen,* for plaintiff in error.

*Mitchell & Mitchell,* contra.

MacINTYRE, J. ■ The plaintiff in a trover case (where the defendant does not at the first term comply with the provisions of the Code, § 107-104, by tendering the property to the plaintiff, etc.), has, at his option, the right to demand a verdict for the property alone, and its hire if any, or for damages alone. "Having a right to elect between a verdict for damages and a verdict for the property, he thus has a further right to elect in what way his damages shall be made up." *O'Neill Mfg. Co.* v. *Woodley,* 118 *Ga.* 114, 116 (44 S. E. 980). That is, these damages may, at his option, consist of the highest proved value of the property between the date of the conversion and the date of the trial without hire or interest, or the value of the property at the date of the conversion with interest thereon from that date to the date of the trial, the allowance of interest being discretionary with the jury. Although the jury may allow interest from the date of the conversion and add it to the value of the property at that time, it should return a verdict for a lump sum which would embrace principal and interest. *Drury* v. *Holmes,* 145 *Ga.* 558 (89 S. E. 487). Interest eo nomine is not recoverable. *Fussell* v. *Heard,* 119 *Ga.* 527, 528 (46 S. E. 621). If the property is of a character that hire may be recovered, the verdict may be for the value of the property on the date of the conversion, with hire of the same from that date to the date of the trial, the allowance of hire being in the discretion of the jury; but although the jury may allow such hire and add it to the value of the property as stated, it should return a verdict for a lump sum which would embrace the value of the property and hire. Hire, by that name, is not recoverable in a verdict for damages alone. The plaintiff in the present case

elected to take a verdict for the damages alone, and also elected that these damages should consist of the highest proved value of the property at any time between the conversion and the trial. It follows that the judge erred, as complained of in the motion for new trial, in charging the jury that "The plaintiff in this case is entitled to recover the highest proven market value of this property on and since the date of April 25, 1935 [the date of the alleged conversion], as well as the reasonable rental therefor." Therefore the charges complained of in the first, third, and fourth special grounds of the motion for new trial, in which the jury were instructed respectively to the same effect as in the above-quoted excerpt from the charge, and also that they were to find what was the reasonable rental value of the mules, etc., since the date of the conversion to the date of the trial, and also that the sum of their verdict should include "so many dollars rental," were erroneous.

■ However, under the plaintiff's election in this case, the charge of the court was not erroneous in so far as it instructed the jury that the reasonable value of the property detained by the defendant was its highest proved value since the conversion thereof to the time of the trial. See Code, § 107-103. This, of course, does not mean the highest estimate given by any witness as to its value during that period, but "means the highest value which the jury, from consideration of all of the proof, finds that the property was worth at any time during that period." *Elder* v. *Woodruff Hardware & Mfg. Co.,* 9 *Ga. App.* 484 (71 S. E. 806).

■ The defendant does not insist on his exceptions pendente lite, nor does he insist on the fifth ground of his motion for new trial; and in these circumstances the errors alleged therein to have been committed will not be considered. *Goodson* v. *State,* 50 *Ga. App.* 91 (176 S. E. 916) and cit. No other error appears to have been committed. For the reasons stated in the first division of this opinion the judge erred in overruling defendant's motion for new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*