32382.   EQUITABLE CREDIT & DISCOUNT COMPANY INC. *v.* MURRAY *et al.*

Decided July 12, 1949.  Rehearing denied July 29, 1949.

*Wilson & Wilson,* for plaintiff.

*E. O. Blalock,* for defendants.

MacIntyre, P. J. ■ ■ The automobile which is the basis of the present suit is owned by the defendants unless their title is affected by the facts alleged in the petition. The theory of the petition is that, even though the original owners (the defendants) lost possession of the automobile by the criminal or fraudulent acts of a third person (Johnson)—the giving of a forged check or the stopping of payment on the check—yet the defendants are estopped by their own acts and, or, their own negligence from asserting their title against the plaintiff, which is a bona fide purchaser for value and took the automobile without notice of any title or equity in the defendants. Under the allegations of the petition one of two innocent persons must suffer by the acts of the third person, Johnson, and the question at last is, where shall the loss fall? Code § 37-113, provides: "When one of two innocent persons must suffer by the act of a third person, he who put it in the power of the third person to inflict the injury shall bear the loss." Justice Hines in *Patterson Co.* v. *Peoples Loan &c. Co.,* 158 *Ga.* 503 (123 S. E. 704), stated: "In this State we have adopted the . . principle, that the true

owner will lose his title in favor of an innocent purchaser for value without notice, only where he 'has given to another such evidence of the right of selling his goods as, according to the custom of trade or the common understanding of the world, usually accompanies the authority of disposal, or has given the external indicia of the right of disposing of his property.' Civil Code (1910), § 4119 [Code, § 96-207]." The plaintiff invokes the principle that the defendants may be estopped to assert their title to the automobile against the plaintiff since the defendants clothed Johnson with all of the indicia of authority to sell the automobile. We recognize that this rule of estoppel does not apply where property has been stolen from the true owner in the ordinary theft case, for the true owner in such a case has not voluntarily or negligently parted with the possession of the property nor furnished the thief with all the indicia of disposing of or selling the property. It was not he who put it within the power of the thief (the third person) to inflict the injury upon the innocent purchaser, and he would not come within the rules stated in Code § 37-113 or § 96-207, so as to be estopped to assert his title. Where, however, in this case, the defendants, intending to sell the automobile, gave to Johnson an unconditional written bill of sale, accompanied with unrestricted and unqualified possession of the automobile to deal with and use as his own, a bona fide purchase from Johnson while in such possession divested the defendants of their title. The rights of such a bona fide purchaser do not depend upon the rights or actual authority of the third person with whom he deals, but are derived from the acts of the real owner, which preclude his disputing, as against such bona fide purchaser, the existence of any title or power of sale, which through his own lack of caution, negligence, or mistaken confidence, he caused or allowed to appear to be vested in the third person with whom the innocent purchaser dealt. *Capital Automobile Co.* v. *Ward*, 54 *Ga. App.* 873 (189 S. E. 713). Under the allegations of the petition, the defendants clothed Johnson with apparent full ownership of the automobile and gave to him the external indicia of the right of disposing of it. We do not think that the fact that Johnson gave the defendants a worthless check (forged or on which payment was stopped) would bring the present case within the qualification

of the rule of estoppel invoked, which would apply in the ordinary theft case. Here the defendants had voluntarily relinquished possession of the automobile to Johnson and had given him an unconditional bill of sale in writing covering the automobile. If the plaintiff relied upon these indicia of ownership when it made the purchase, it may properly invoke the rule of estoppel against the defendants notwithstanding whatever technical criminality or moral turpitude Johnson may have been guilty of in inducing the defendants to part with the automobile. See, in this connection, National Safe Deposit &c. Co. *v.* Hibbs, 229 U. S. 391 (33 Sup. Ct. 818, 57 L. ed. 1241). In such a case, we think that the principles which underlie an equitable estoppel should place the loss upon the defendants, who put it in the power of Johnson to inflict the injury, and should bar the defendants from contesting the ownership with the plaintiff, nothing more appearing.

■ ■ Subdivisions b and c of headnote 1 require no further discussion than to say that the pleader here stated a cause of action in trover (*White* v. *Dalton*, 55 *Ga. App.* 768, 191 S. E. 386), and pleaded with particularity the facts relied upon and alleged every substantive fact which in law was necessary to the maintenance of a trover action and which, if proved, would authorize a recovery for the conversion of the automobile. *Southern Railway Co.* v. *Liley*, 75 *Ga. App.* 489, 493 (43 S. E. 2d, 576), and cit. The pleader was not required to denominate his action one of trover. *Ibid.*

■ Headnote 2 is self-explanatory.

For the foregoing reasons, the court erred in sustaining the general demurrers to counts 1 and 2 and in dismissing the petition, though it was not error to sustain the special demurrers to count 1, as pointed out in headnote 2.

*Judgment reversed. Gardner and Townsend, JJ., concur.*

ON MOTION FOR REHEARING.

MacIntyre, P. J. The defendants' first contention in their motion for a rehearing is that the plaintiff reconveyed the automobile to Johnson, and thereby lost all title or claim it had to the automobile, and that this is proved by the plaintiff's application for certificate of title, which is attached to and made a part of the petition, wherein it is stated that on February 19,

1947, the date of the transaction between Johnson and the plaintiff, no liens existed on the automobile. This contention is without merit. This statement in the affidavit for certificate of title made by the plaintiff was merely a statement that no liens existed against the automobile, unsatisfied, up to that time; that is to say that, as the plaintiff held it, it was free of all encumbrances. Just beneath this affidavit for certificate of title, and on the very same page of the petition, is Johnson's application or affidavit for certificate of title, executed on February 19, 1947, and it states that he acquired possession of the automobile subject to the plaintiff's legal claims, enumerating the claim. For the plaintiff to say that there are no liens or encumbrances against his title to the automobile at the time he delivered it to Johnson does not by any process of reason with which we are familiar mean that he delivered or conveyed title unencumbered to Johnson. Johnson's affidavit, made on the same day and sworn to before the same person as the plaintiff's, refutes any such contention.

The second contention of the defendants in such motion is that the petition is subject to general demurrer, in that it is fatally defective because it nowhere alleges the value of the automobile at the time of the conversion or at any other time.

"The pleader does not characterize his action. He simply sets forth facts upon which he relies for a recovery; and if these facts are such as in law entitle the plaintiff to recover, it is not necessary that the action should be . . classified by any name." *McNorrill* v. *Daniel*, 121 *Ga.* 78 (48 S. E. 680). If the petition is looked to without regard to the common-law forms of action, it undoubtedly sets forth a cause of action. The plaintiff has set forth his cause of action plainly, fully, and distinctly, and by this test the petition is sufficient; for it shows a right in the plaintiff and a wrong by the defendants, and this is sufficient to authorize a recovery within the limits of the damages alleged. If the petition is looked upon as an action of trover, it still measures up to the test of sufficiency. *Phelan* v. *Vestner*, 125 *Ga.* 825, 826 (54 S. E. 2d, 697). "Where the title of a plaintiff in a trover suit is held by him as security for purchase-money or other debt, and he elects to take a money verdict, he is entitled to recover either the highest value of the property between

the date of the conversion and the date of the trial, or the value of the property at the date of the conversion with interest thereon, subject, however, to the condition that under neither choice can he recover more than the amount of the debt for which the property stands as security." *Elder* v. *Woodruff Hardware &c. Co.,* 9 *Ga. App.* 484 (2) (71 S. E. 806). In this case it is alleged that, after a demand for the return of the automobile and a refusal by the defendants to do so, the plaintiff brought this action (it appears that it was filed not later than June, 1947), and "in due course thereafter [after the automobile had been delivered to Johnson by the plaintiff], said automobile was taken possession of by the defendants and resold by said defendants to some one unknown to petitioner but well known to the defendants"; and this is the equivalent of an allegation that the wrongdoers, the defendants, have made it impracticable for the plaintiff to give an opinion as to the value of the automobile at the time of or since the conversion (*Sisson* v. *Roberts,* 25 *Ga. App.* 725 (2), 104 S. E. 910); and see, in this connection, *Gordon & Co.* v. *A. C. L. R. Co.,* 7 *Ga. App.* 354 (66 S. E. 988). And it is further alleged that on January 18, 1947, the automobile was sold by the defendants to Johnson for $2000, and on February 27, 1947, after the plaintiff had purchased the automobile from Johnson, the plaintiff on February 27, 1947, executed a contract to Johnson in which it reserved title in itself, naming as consideration $1344. These are allegations of special or evidentiary facts from which the inference may be legitimately drawn that the automobile at the time in question was of the value of $1344, the amount of the debt which the plaintiff is seeking to recover under its contract retaining title, or that the automobile was at least of some value at the time of the conversion. *Tufts* v. *Threlkeld,* 31 *Ga. App.* 452 (5) (121 S. E. 120); *Western & Atlantic Railroad* v. *Reed,* 33 *Ga. App.* 396, 402 (126 S. E. 393). The ad damnum clause claims $1344 plus interest as the damage suffered on account of the conversion, which is precisely what the petition alleges the plaintiff has lost by the conversion of the property by the defendants. We are of the opinion that the petition was sufficient, and we think that this ground of the motion is not meritorious. If there had been a depreciation in the value of the automobile by reason of wrecks, etc., as the de-

fendants conjecture, it woud be a matter of proof upon the trial, and the defendants would be at liberty to introduce such evidence as they might have on the subject in defense. Upon consideration, the motion for rehearing is

*Denied. Gardner and Townsend, JJ., concur.*