33298. MEDERS *v.* WIRCHBALL.

Decided March 2, 1951.

*Briggs Carson Jr.,* for plaintiff in error.
*Seymour S. Owens,* contra.

WORRILL, J. W. R. Wirchball filed his petition in trover against Robert F. Meders, alleging simply that Meders was in possession of one 1938 black 4-door Chevrolet sedan, motor No. 1619509, of the value of $425, that the plaintiff claimed title to the said automobile and the right of possession, that the defendant refused to deliver the automobile to the plaintiff, and that the yearly value of the property was $150. In his answer the defendant admitted that he held one Chevrolet of the color and model described, but denied that the motor number was that alleged, and denied that title and the right of possession were in the plaintiff or that the yearly value was as alleged, and further averred that he claimed title and the right of possession.

Upon the trial of the case, the plaintiff having elected to take a money verdict, the jury returned a verdict for the plaintiff for $325, and judgment was entered thereon. The defendant made the usual motion for a new trial on the general grounds which was amended by the addition of three special grounds. The trial court overruled that motion and the exception here is to that order.

■ The first special ground of the amended motion for a new trial complains because the court refused the following timely written request to charge: "If you find that the brother of the plaintiff left the car with Addington to be disposed of, then you are to construe Addington to be the agent of the plaintiff, who lost possession of the automobile through the negligent

and fraudulent acts of his agent and in that event you will find for the defendant."

This ground of the motion is without merit. The plaintiff's evidence tended to show that he was driving the automobile involved from Chattanooga, Tennessee, to Florida in December, 1948; that when passing through Tifton, Georgia, mechanical trouble developed, and he could drive the car no farther; that he left the automobile in the possession of one Addington, a used car dealer with a lot and place of business in Tifton, with the understanding that Addington was to have the trouble repaired and notify the plaintiff; that the plaintiff proceeded to his destination, and hearing nothing from Addington wrote him several times inquiring of the progress in the repair of the automobile; that Addington never replied to the plaintiff's letters, and the plaintiff returned to Tifton in August 1949 to find that Addington had gone out of business and was not to be found; that while in Tifton he located the automobile in question in the possession of the defendant.

C. J. Bannister, a witness for the defendant and the garageman who at Addington's instance made repairs on the automobile in question, and subsequently bought it from Addington and sold it to the defendant, testified that he bought the automobile from Addington on February 3, 1949, for $125, made repairs to the value of $316.30 on it, and sold it for $425 to the defendant; that the plaintiff came to his place of business in August 1949, and told the witness that the plaintiff's brother and another person were in the process of driving this car to Florida when the motor broke down in Tifton; that the plaintiff told him that his brother left the car with Addington at Addington's used car lot *for the purpose of having Addington repair it,* and that Addington had sold the car and had not paid him for it. (Italics ours.) J. E. Evans, another witness for the defendant, testified that the plaintiff came to a used car lot operated by the witness in August, 1949, showed him a bill of sale to an automobile, and told him "that his brother and another fellow left the car with Addington *to be repaired,* and that Addington had sold the car and had not paid him for it." (Italics ours.)

The defendant contends that the refusal of the trial judge

to charge this request eliminated from the jury's consideration the only ground of defense sought to be maintained by the defendant, that is that the automobile in question was left with Addington by the plaintiff's brother to be disposed of. However, the only testimony set out in the brief of the evidence relating to the plaintiff's brother is that just noticed, and, as will be noted by referring to the italicized portions thereof, the testimony was that the brother left the automobile with Addington to be repaired and not disposed of. There is nowhere in the record any testimony that the automobile was left with Addington to be disposed of. Under such circumstances, it was not error for the trial judge to refuse this request. The mere fact that the evidence conclusively showed that Addington was in the business of buying and selling used automobiles and was not in the repair business, but that he had Bannister, one of the witnesses, do all his repair work, and that this was known to the plaintiff at the time he left the automobile with Addington, would not demand a finding that the plaintiff's title was divested or that the plaintiff was estopped to assert his title after leaving the automobile in Addington's possession and control.

■ The second special ground of the motion for a new trial complains because the court charged the jury that, "In estimating the value of personalty unlawfully detained, the plaintiff may recover the highest amount which he shall prove between the time of the conversion and the trial." It is contended that this charge was erroneous because it withdrew from the consideration of the jury the amount of $316.30 which represented repairs to the automobile made by the witness and repairman, Bannister, after the plaintiff had left it with Addington, and before it was sold to the defendant.

No special plea of setoff or recoupment was filed by the defendant. This is not a case involving a conditional-sales contract, and therefore the defenses provided for in the Code, § 107-102, are not available to the defendant. *Powers* v. *Wren,* 198 *Ga.* 316 (1) (31 S. E. 2d, 713). Furthermore, it has been repeatedly held that such a defense is not available to a defendant in a trover action except in special instances where insolvency or non-residence of the plaintiff is shown. *Barron*

v. *Mallory Bros. & Co.*, 89 *Ga.* 76 (1) (14 S. E. 878); *Harden* v. *Lang*, 110 *Ga.* 392 (2), 398 (36 S. E. 100); *Bell* v. *Ober & Sons Co.*, 111 *Ga.* 668 (3), 673 (36 S. E. 904); *Youngblood* v. *Armour Fertilizer Works*, 23 *Ga. App.* 731 (1) (99 S. E. 314); *Parton* v. *Conner*, 26 *Ga. App.* 219 (1) (105 S. E. 712). Upon this point this case seems stronger than *Sisson* v. *Roberts*, 25 *Ga. App.* 725 (104 S. E. 910), where it was held, in a trover action by the owner against a garageman to recover possession of an automobile left by the plaintiff with the garageman for repairs, that the court did not err in refusing to permit the defendant garageman to file a plea setting up a recoupment for the work done and repairs made by him on the automobile. This rule stems from the prohibition against setting up a claim ex contractu in an action ex delicto. If the garageman in this case had any claim against the plaintiff based upon an implied promise of the plaintiff to pay for repairs to the automobile, such claim was in its nature essentially ex contractu. That an action in trover is ex delicto is too well-established to admit of argument to the contrary. *Harden* v. *Lang*, supra, p. 398. The charge complained of was exactly in the language of the Code, § 107-103, and in the absence of a timely written request by the defendant for an additional charge on the measure of damages, the trial court did not err in charging the jury as complained of in this ground.

■ The final special ground of the motion for a new trial is as follows: "That the plaintiff herein was not entitled to the possession of said automobile by reason of the fact that C. J. Bannister, the mechanic who repaired said automobile, had not surrendered the possession of said automobile to plaintiff and that the defendant and vendee of the said Bannister was entitled to the possession of said automobile, as a lien for repairs." Two of the many objections that might be raised to this contention are, first, that no such defense was pleaded by the defendant, and, second, that there was no evidence whatsoever in this case that a lien had been established in accordance with the provisions of the Code, § 67-2002, which is the only way that liens against personalty may be created. Such being the case, it was not error for the trial court to overrule this ground of the motion for a new trial.

In the trial of a trover action, the sole question presented is one of title. There was evidence supporting the plaintiff's assertion of title and the right to possession of the automobile in question, and for this reason the trial court did not err in overruling the motion for a new trial on the general grounds.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*