33867. WATSON *v.* TOMPKINS CHEVROLET CO. INC.

DECIDED FEBRUARY 28, 1952.

*Stone & Stone*, for plaintiff in error.

*A. H. Gray*, contra.

WORRILL, J. (After stating the foregoing facts.) ■ In the only special ground not abandoned, the defendant assigns error on the following testimony of Mobley Howell, "At the time I last saw the truck, it was easily worth $500." The question, "What would you say the market value of the truck was when you saw it last?", was objected to on the ground that the evidence was inadmissible unless it was shown that the truck was still in the same condition when sold to the defendant. The evidence shows that approximately a month elapsed between the last time the witness saw the truck and the time of the conversion. The defendant testified that he bought the truck from Ussery on April 3, and that his boy sold it out of the State on April 5 or 6. Howell, in referring to a conversation he had with the defendant after the truck had been sold by the defendant, testified, "It was about a month between the time I last saw the truck and the conversation I have just related as taking place between Mr. Watson and myself." On cross-examination, Howell stated, "The last time I saw the truck was somewhere around March 1." In *Sisson* v. *Roberts*, 25 *Ga. App.* 725 (104 S. E. 910), where an automobile delivered to a garage for repairs was later dismantled, making it impracticable to give an opinion as to value, in a suit

by the automobile owner against the garage proprietor it was held that evidence as to the value of the automobile at the time it was placed in the hands of the defendant, and "evidence as to its value a week, or as much as a month, prior to that time" was admissible. Thus, the evidence here as to the value of the truck approximately a month before conversion was properly admitted, especially since the vehicle was in the possession of a third party prior to conversion, and was taken out of the State two or three days after conversion, making it practically impossible to get any testimony, other than the defendant's, as to the value at the time of conversion. If there had been a depreciation in the value of the automobile by reason of wrecks, etc., as the defendants conjecture, it was a matter of proof upon the trial, and the defendants were at liberty to introduce, in defense, such evidence as they might have on the subject. *Equitable Credit & Discount Co.* v. *Murray*, 79 *Ga. App.* 795, 803 (54 S. E. 2d, 650).

As to the general grounds, there is ample evidence to support the verdict. Counsel for the defendant admits that, since the defendant had constructive notice of the retention-title agreement, the plaintiff was entitled to recover, and that the only question was the value of the truck. "Where the title of a plaintiff in a trover suit is held by him as security for purchase-money or other debt, and he elects to take a money verdict, he is entitled to recover either the highest value of the property between the date of the conversion and the date of the trial, or the value of the property at the date of the conversion with interest thereon, subject, however, to the condition that under neither choice can he recover more than the amount of the debt for which the property stands as security." *Elder* v. *Woodruff Hardware &c. Co.*, 9 *Ga. App.* 484 (2) (71 S. E. 806). The plaintiff elected to take a verdict for the value of the property at the date of the conversion, and J. E. Widner, bookkeeper and credit manager of the plaintiff, testified that Ussery owed $389.79 on the truck, so the plaintiff was entitled to recover that amount, provided the value of the truck at the time of conversion equaled or exceeded that amount. Mobley Howell testified that the value of the truck about a month before the conversion was $500. There was no evidence to indicate that there was any decrease in value between the time Howell saw the truck and the date of

conversion other than normal depreciation, so the verdict for $389.79 is supported by evidence.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*