## 34413. HARRIS *et al. v.* ACKERMAN.

WORRILL, J. 1. The general rule is that allegations in a petition must yield to contradictory facts shown in exhibits attached thereto. *Equitable Credit &c. Co.* v. *Murray,* 79 *Ga. App.* 795 (2) (54 S. E. 2d 650); *Atlanta Journal Co.* v. *Doyal,* 82 *Ga. App.* 321, 325 (60 S. E. 2d 802).

2. The name "Ackerman Construction Co." imports a corporation, nothing to the contrary appearing (*Carter* v. *Spiegel, May Stern Co.,* 45 *Ga. App.* 754, 166 S. E. 34); and a check which is signed "Ackerman Construction Co. by Oliver P. Ackerman" is prima facie an obligation of Ackerman Construction Company and not the individual obligation of Oliver P. Ackerman.

3. Where the petition in this case named Oliver P. Ackerman as defendant and alleged merely that the defendant did execute and deliver the check which was attached to the petition as an exhibit, and that said check was duly presented and payment refused, but where the exhibit showed that the check sued on was executed in the name and style indicated in the second headnote above, the petition was subject to general demurrer, and the trial court did not err in sustaining the general demurrer and in dismissing the petition. See Leach *v.* Blow, 16 Miss. 221; Lawton *v.* Swihart, 10 Ind. 562; Atkins *v.* Brown, 59 Me. 90; 11 C. J. S., Bills & Notes, 35, § 650.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED MAY 2, 1953.

*Walter E. Baker, Jr.,* for plaintiffs in error.
*J. Robin Harris,* contra.