## 57550. BROOKS v. FINCHER.

QUILLIAN, Presiding Judge.

The defendant, R. D. Brooks, brings this appeal from an adverse jury verdict in a trover action. Mr. G. E. Fincher, a Baptist minister, advertised his 1975 automobile for sale to anyone who would assume the outstanding payments. Mr. Brooks, a lawyer, answered the ad and agreed to purchase the automobile. He brought with him a bill of sale and it was executed. In it, he assumed the outstanding loan with payments of $106.77 for 23 months beginning on May 15, 1977. Rev. Fincher testified that Mr. Brooks told him he was an attorney-at-law and gave him his business card with his phone number and office address in Tucker, Georgia. He advised Rev. Fincher "he was going to have the loan put in [his] name . . . [and] would pay all of the payments from then on on that automobile . . ."

The next month Rev. Fincher was notified by the bank that the May payment had not been made. Rev. Fincher called Mr. Brooks at the number on the business

card but the phone had been "disconnected." After he was notified that the next payment had also been missed and the bank wanted the money or the car, he went to the business address of Mr. Brooks and his office had been closed. He wrote him a letter but it was returned with no forwarding address. Rev. Fincher borrowed the money and made the remaining payments on the car.

Rev. Fincher consulted an attorney who located Mr. Brooks, discussed this case with him over the telephone, and through several letters. Mr. Brooks testified that: "I asked you [the plaintiff's attorney] to decide on whether or not you were going to demand possession of the car and rescind the contract, or whether or not you wanted me to assume the debt . . . and your reaction was that you would not make a decision as to either one. And you continually requested and demanded that before you would do either one, I had to pay an amount over and above what was owed."

Mr. Brooks admitted receiving a letter from Rev. Fincher's lawyer dated September 15, 1977, which stated, in essence: "My client is convinced that you have deliberately deceived him into giving you a bill of sale on his automobile . . . Said bill of sale is rescinded and void from its inception . . . You are holding my client's automobile illegally and against his demand for possession . . . Said automobile has been reported stolen, i.e., theft by conversion . . . A warrant has been issued for your arrest . . . My notes show that you were going to be back in touch with me the next morning in effect to halt criminal proceedings. Your failure to do so has left us to our remedies."

After Mr. Brooks responded to the above letter, counsel for Rev. Fincher forwarded a letter dated October 6, 1977 to Mr. Brooks which stated: "Thank you for your response to my letter of September 15 . . . The Sheriff's office, with an outstanding fugitive warrant for your arrest, is that of Cobb County . . . You may surrender yourself and the automobile to the Cobb County sheriff's office in Marietta, Georgia . . . Since your letter makes mention of some adherence to morality on your part, I would appreciate your furnishing me in the name of morality your present residence address." When Mr.

Brooks was on the stand he stated when he had moved his business office from Tucker he could not remember whether he had filed a change of address card. He also testified that during this period he had lived at four different places — and one place was rented under the name of his ex-wife. He also stated that on at least one occasion he did not file a change of address card with the post office. Mr. Brooks did not provide his address to plaintiff's counsel in response to the above letter but turned the matter over to his attorney — his father.

The defendant presented no evidence. He offered in evidence a letter from plaintiff's counsel to the defendant through his father. The letter, dated August 2, 1977, preceded the letters cited above and made formal demand for compliance with the bill of sale plus $500 attorney fees. The letter bears the notation at the bottom by Mr. W. T. Brooks that he was "not R. D. Brooks' agent, nor is he in this office . . . I suggest that you send such letter to him." The court refused to admit the letter in evidence. The jury found for the plaintiff. The defendant brings this appeal. *Held:*

1. Defendant enumerates the general grounds as error. He contends: " 'The measure of damages in a suit brought to recover personal property which has been wrongfully converted, where the plaintiff elects to take a money verdict, is the highest proved value of the property at any time between the date of the conversion and the trial, *or its value at the date of the conversion with interest from that date.'* " *Dunn v. Young,* 22 Ga. App. 17, 19 (95 SE 374). Further, "[w]here a defendant lawfully acquires possession of the property in issue, there is no conversion in the absence of . . . demand and refusal." *McDaniel v. White,* 140 Ga. App. 118, 120 (230 SE2d 500). It is acknowledged that the defendant acquired possession of the property lawfully and defendant contends that a demand for possession was never made. Thus, it is their position: "Since plaintiff has failed to prove conversion . . . he cannot prove the value of the property at a time which does not exist." Further, he contends the "judgment of $3,500 was excessive . . ."

The basis for a trover action is conversion. *Southern Exp. Co. v. Sinclair,* 130 Ga. 372, 373 (60 SE 849).

However, the Code provides "it shall not be necessary to prove any conversion of the property where the defendant is in possession when the action is brought." Code Ann. § 107-101 (Code § 107-101). The evidence shows the defendant was in possession when this action was brought. But an exception to the codal exception exists when the defendant acquires possession of the property lawfully — as in the instant case. *Colonial Credit Co. v. Williams,* 95 Ga. App. 76 (1) (97 SE2d 197). Thus, where there is an agreement and the plaintiff relinquishes lawful possession to the defendant, "demand and a [wrongful] refusal are prerequisites to a trover action . . ." *Willis v. Midland Fin. Co.,* 97 Ga. App. 443 (2) (103 SE2d 185); *Cotton v. Pendley,* 130 Ga. App. 552 (2) (203 SE2d 758).

Defendant's testimony was that plaintiff's counsel refused to state whether the plaintiff elected a return of the property or execution of the contract. However, plaintiff's evidence of a written demand to defendant that "[y]ou are holding my client's automobile illegally and against his demand for possession," is sufficient to support the jury verdict.

With reference to the evidence as to value, the plaintiff stated that $3,500 "is the price they were selling it for at that time . . ." Plaintiff testified that he purchased the car new in October, 1976, traded in one car and borrowed $4,000 for the remainder of the sale price. Plaintiff is not an expert, but he gave his opinion as to value *and the reason therefor.* This is all that the Code requires. Code Ann. § 38-1708 (Code § 38-1708). There being some evidence to support the jury verdict, we find no merit in this enumeration.

2. The court refused to admit a letter from plaintiff's lawyer to the defendant through his father, demanding "performance under the terms of the contract plus the payment of attorney's fees in the amount of $500.00." There are two reasons why the court did not abuse its discretion in refusing admission. First, the letter was written to the defendant through his father. The notation at the bottom shows it never reached the defendant and that the father stated he was not his son's agent — thus he did not represent him. This became a collateral issue of

little or no relevance. Evidence of collateral issues, even though they may shed some remote light on the principal issue, are admissible only within the discretion of the trial court. *White v. Ga. Power Co.,* 237 Ga. 341, 345 (227 SE2d 385). The trial court did not abuse its discretion.

Secondly, the plaintiff in a trover action may elect which remedy and verdict he will pursue. Code Ann. § 107-105 (Code § 107-105). Obviously, he first selected performance of the contract and attorney fees — to make the plaintiff whole because of the defendant's actions in failing to carry out his contract obligations. When this course of action was not successful he filed this action for the value of the property plus hire. The first letter requesting payment of the contract — 23 payments of $106.77 ($2,455.71), plus attorney fees of $500 — for a total of $2,955.71 was substantially less than the amount sued for — $3,500 plus hire of $15 per day. Proposals made with a view toward compromise are not proper evidence. Code Ann. § 38-408 (Code § 38-408). A letter written with a view toward settlement, and cross examination of a witness in regard to that letter were properly excluded. *County of Butts v. Hixon,* 135 Ga. 26 (3) (68 SE 786). Thus, enumerations of error 2, 3, and 4 are without merit.

3. The defendant complains of two charges given by the trial court. One regarded his failure to present a defense and the basis for his right to have opening and closing argument. We find no harmful error for any reason enumerated.

The plaintiff proved execution of the contract calling for 23 payments of $106.77 and non-payment of any amount to the bank in violation of the contract terms. In his answer the defendant disclaimed any right to possession of the automobile and "any ownership whatsoever over the automobile." Plaintiff proved delivery of the automobile to the defendant and the defendant contended in his answer that he had a lien on the automobile for "storing said automobile . . ." Thus, he admitted possession.

" 'When a fact is proved by undisputed evidence, it is never error for a trial judge to assume or intimate that the fact is proved. [Cits.]' " *Rauch v. Shanahan,* 125 Ga. App. 782, 785 (189 SE2d 111); *Ga. Power Co. v. Mozingo,* 132

Ga. App. 666 (4) (209 SE2d 66). Both charges of the court contained facts obvious to the jury and merely explained what their duty was. They were not argumentative, confusing, inaccurate, misleading, or prejudicial. The charges correctly stated the contentions of the parties and the defendant did not request further instructions. See *Meders v. Wirchball,* 83 Ga. App. 408 (2) (63 SE2d 674). Thus, they are not error for any reason stated. *American Surety Co. v. Smith,* 55 Ga. App. 633 (2) (191 SE 137); *Mayes v. Simons,* 189 Ga. 845 (3) (8 SE2d 73).

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

ARGUED APRIL 4, 1979 — DECIDED JUNE 5, 1979.

*William T. Brooks,* for appellant.
*Ralph C. McBride,* for appellee.