### 73602. HUNNICUTT et al. v. HUNNICUTT.
(356 SE2d 679)

BEASLEY, Judge.

The single issue is whether the jury verdict is inconsistent as a matter of law.

Plaintiff brought suit seeking to recover certain personalty from defendants. When the case was tried before a jury the issues were whether plaintiff was entitled to: certain property plus rental, damages plus interest for other property, and expenses of litigation. The jury returned a verdict permitting plaintiff to recover the property but without any rental, $7,500 damages without the imposition of any interest, and $7,772.12 for expenses of litigation.

Motion for directed verdict favoring defendants on litigation expenses had been denied by the court at conclusion of all the evidence, and a judgment notwithstanding the verdict on this issue was also denied, pursuant to OCGA § 9-11-50 (b).

Defendants contend the verdict is inconsistent because if the jury

had found defendants had acted in bad faith, or had been stubbornly litigious or had caused plaintiff unnecessary trouble and expense, OCGA § 13-6-11, the plaintiff would have been awarded rental and interest.

The issue is whether the verdict is absolutely inconsistent, based on diametrically conflicting findings or repugnant conclusions as to the evidence. *Bagwell v. Sportsman Camping Centers*, 130 Ga. App. 888, 891 (204 SE2d 794) (1974). See *Hassler v. Cunard*, 244 Ga. 193, 196 (2) (259 SE2d 451) (1979). Verdicts are to be reasonably construed and not avoided unless from necessity. OCGA § 9-12-4. The burden is upon the party attacking a verdict to show its invalidity. *Calhoun v. Babcock Bros. Lumber Co.*, 199 Ga. 171, 176 (33 SE2d 430) (1945).

Defendants expressly designated no transcript of the evidence to be filed. See OCGA § 5-6-37. Where appellants choose to omit the transcript, and it is necessary for a review of the claimed error, they have failed to meet their burden of showing error. In such case, this court will assume the evidence is sufficient and affirm. *Brown v. Frachiseur*, 247 Ga. 463, 464 (277 SE2d 16) (1981); *Acker v. Jenkins*, 178 Ga. App. 393, 394 (1) (343 SE2d 160) (1986). We thus assume there was evidence sufficient to authorize the award of litigation expenses. At least twice the trial court expressly so ruled. This being the posture of the case, defendants cannot complain of being harmed by the failure to impose interest or rental for the property since any "inconsistency" in the verdict could harm only plaintiff.

The absence of a transcript of the court's charge also leaves us in the position of presuming it was correct as to the award of interest and rent. Since both of these matters are left solely to the discretion of the jury, *White v. Dalton*, 55 Ga. App. 768 (191 SE 386) (1937), we must conclude that the jury chose not to award them. This is explicit in the special verdict form on which they were given a choice in both instances. Property or no property plus rent or no rent, and money damages or no money damages "with" or "without" interest were the four choices.

Whatever the jury's reason or motive was for deciding to impose the penalty with respect to litigating this intrafamily dispute and to withhold awards of interest and rental damages is irrelevant. It is not patently inconsistent to assess the expenses of litigation for bad faith, stubborn litigiousness, or unnecessary trouble and expense, while at the same time denying interest on money, or rental on property, to which money and property plaintiff had been entitled earlier.

*Judgment affirmed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED APRIL 9, 1987.

*C. Robert Melton*, for appellants.
*Rudolph Sullivan*, for appellee.