ize a finding that such facts existed and made a case of murder, and then instructed the jury that if these facts were true, defendant would be guilty of murder, it would be the duty of the court, if the evidence so authorized, to likewise group and state the alleged facts constituting the defendant's theory and making a case of voluntary manslaughter, and to instruct the jury, if this theory be true, he would be guilty of the latter offence; but this duty would not devolve upon the court if the defendant's theory was unsupported by the evidence.      *Judgment affirmed.*
March 26, 1892.   Argued at the last term.

Before Judge FORT.   Macon superior court.   May term, 1891.

J. W. HAYGOOD, W. H. KIMBROUGH and HINES, SHU-BRICK & FELDER, for plaintiff in error.

W. A. LITTLE, attorney-general, by J. H. LUMPKIN, and C. B. HUDSON, solicitor-general, *contra.*

---

BARROW v. MALLORY BROTHERS & COMPANY.

1. In an action of trover, unless there be some special equitable ground (such as non-residence or insolvency of the plaintiff) for allowing the defence, the damages sustained by the defendant from a breach of contract by the plaintiff are not the subject-matter of set off, and cannot be so pleaded.

2. Where, upon evidence being offered in support of a plea, the court is in doubt as to its admissibility, the evidence may be admitted subject to reconsideration at a later stage of the trial; and if the court be then convinced that it ought not to be admitted because the plea is defective in substance, a demurrer to the plea for insufficiency in substance may be entertained and the evidence withdrawn from the jury.      *Judgment affirmed.*
March 26, 1892.   Argued at the last term.

Trover.   Set-off.   Practice.   Evidence.   Before Judge FORT.   Sumter superior court.   May term, 1891.

This was a suit for a saw-mill and saw, and its profits or hire.   A plea was filed, and evidence introduced on both sides.   Plaintiffs objected to defendant's testimony, on the ground that the damages were too remote and speculative and otherwise illegal.   The court permitted

the testimony to be heard, but gave plaintiffs' counsel an opportunity to produce authorities. After the evidence had been so heard and the parties closed and so announced, a demurrer was urged to the plea, which was sustained and the evidence ruled out. The defendant objected to the making of the demurrer, at the time, as coming too late. Plaintiffs had elected to take a money verdict. Defendant excepted because the court erred in allowing plaintiffs to demur after evidence had been introduced under the plea by both sides, and after the case had been closed; and also erred in sustaining the demurrer and striking the plea. The plea was : Defendant purchased of plaintiffs an engine, boiler, saw-mill and other machinery, and plaintiffs expressly warranted the engine and machinery to be first class, and when the machinery was delivered and after giving the same a fair trial it was found to be worthless ; defendant notified plaintiffs of said defects, when plaintiffs then agreed and promised to furnish another engine and other machinery, and defendant relying on said promise endeavored to do the best he could on the promise to send said engine and machinery immediately ; and the said plaintiffs have totally failed to comply with said contract. Defendant was engaged in the saw-mill business, and as such had made contracts with various persons to furnish lumber for the purpose of building ; by reason of said defect in said machinery he had to give up said contracts ; and by reason of said failure to comply with said contract by plaintiffs, he sustained a loss of $500. By reason of said saw-mill business he had a large number of hands, and to keep up said business he retained said hands and stock, and lost by reason of the failure of plaintiffs to comply with their contract ; he sustained a loss for hands and feeding stock, etc., the sum of $432, and he asks judgment against plaintiff for said amount. The demurrer was, that the plea was in-

sufficient and too general, and the damages too remote and speculative; and that defendant could not have such a plea of recoupment for damages in an action of trover.

Hudson & Blalock, for plaintiff in error.

J. Dodson & Son, *contra.*

---

Wood *et al. v.* Lane.

The judge did not abuse his discretion in granting a first new trial.

March 26, 1892.  Argued at the last term.          *Judgment affirmed.*

New trial. Wills. Before Judge Fort. Dooly superior court. March term, 1891.

James A. Lane as executor of John A. Mayo offered the will of Mayo for probate. A *caveat* was interposed by next of kin and heirs at law of Mayo, on the grounds that the instrument propounded was not the last will of Mayo; that Mayo was not capable of making a will, not being of sound and disposing mind and memory at the time the paper was executed; that at the time the paper was executed Lane exercised undue influence over the mind and body of Mayo, who was under the power, influence and control of Lane, and Lane substituted his own will for the will of Mayo; and that the pretended will was signed by Mayo under undue influence exercised by Lane over him, and Lane by the use of fraud brought to bear on Mayo and over his mind and body, caused Mayo to sign the pretended will. In the court of ordinary there was a judgment in favor of the propounder. The case was taken by appeal to the superior court where there was a verdict in favor of the caveators. The propounder moved for a new trial. His motion was granted on all the grounds taken, the judge stating that he could not approve the verdict. The caveators excepted. The grounds of the motion were, that the verdict was contrary to law and evidence; that there