### 4972.  McArthur v. Wilson.

HILL, C. J.  1. In this State the statutory right of set-off is restricted to demands or claims of a similar nature to that of the plaintiff, and a claim arising ex contractu can not be set off against a claim arising ex delicto.  Civil Code (1910), § 5521; *Geer* v. *Cowart*, 5 *Ga. App.* 251 (62 S. E. 1054).

2. Except as above limited, the right of set-off is a purely equitable right, cognizable only in a court of equity.  *Hecht* v. *Snook*, 114 *Ga.* 923 (41 S. E. 74).  The city courts of this State have no jurisdiction to allow equitable set-off.

3. In a trover suit a plea setting up a debt claimed by the defendant against the plaintiff should not have been allowed.  *Judgment reversed.*
DECIDED SEPTEMBER 23, 1913.

Trover; from city court of Reidsville—Judge Collins.  May 1, 1913.

McArthur brought trover for a bale of cotton which he alleged had been raised on his land by the defendant as a cropper.  The defendant filed an answer denying the material allegations of the petition, and also filed an amendment, as follows: "Defendant amends his plea and says that after the bale of cotton in question was ginned, he did all in his power to get a settlement out of the plaintiff, in order to dispose of said cotton, and, though the plaintiff had agreed that he would settle with him, he refused to settle.  Defendant further amends and says that the $36.27 due the defendant by the plaintiff on another bale of cotton is hereby filed as a set-off against this indebtedness, and this defendant prays a judgment for the excess of $36.27 over $23.68,  .  . namely $12.59."  The amendment was allowed, over the objections of the plaintiff that it set up no legal defense, and that the only issue in the case was one of title.  The verdict was for the defendant.  The plaintiff excepted to the allowance of the amendment and to the overruling of his motion for a new trial.

*W. T. Burkhalter,* for plaintiff.