POWERS *v.* WREN.

No. 14986.   OCTOBER 6, 1944.

*R. A. Moore,* for plaintiff in error.

*Mingledorff & Roberts,* contra.

GRICE, Justice. ■ The first ruling on which error is assigned is the sustaining of a demurrer, seasonably interposed, to so much of the plea and cross-action of Powers as sought judgment on a series of notes held by him. The present action is a trover suit. The gist of such an action is conversion. *Southern Express Co.* v. *Sinclair,* 130 *Ga.* 372 (60 S. E. 849). It is one brought against a wrongdoer and sounds in tort. The cross-action was on contract. The two claims were not of a similar nature. This was a sufficient reason to strike the cross-action. *McArthur* v. *Wilson,* 13 *Ga. App.* 502 (79 S. E. 374); *Hecht* v. *Snook & Austin Furniture Co.,* 114 *Ga.* 921 (41 S. E. 74). · Another reason why the demurrer was properly sustained is that with the one exception contained in the Code, § 107-102, which is not here applicable, no counterclaim is permitted to be urged in an action of trover, in the absence of exceptional circumstances sufficient to give rise to equitable relief. *Barrow* v. *Mallory,* 89 *Ga.* 76 (14 S. E. 878); *Harden* v. *Lang,* 110 *Ga.* 392, 396 (36 S. E. 100). The section above cited, codified from the act approved August 15, 1903 (Ga. L. 1903, p. 84), which in certain instances permits a defendant to plead a set-off or to recoup in damages, is limited to suits brought to recover personal property where the vendor retains title. This is not that kind of a case.

■ At the trial term, the plaintiff submitted an oral motion to strike "the remainder of defendant's plea on the ground that it sets forth no legal defense to plaintiff's action." After the court sustained the demurrer to the cross-action, referred to in division one of this opinion, all that was left was a general statement that, "Comes now the defendant in the above-named and stated case and, subject to his demurrer, pleads not guilty," followed by an attack on the constitutionality of the act approved March 28, 1935 (Ga. L. 1935, p. 381). The bill of exceptions recites that, "By his plea of not guilty, the defendant was authorized to make his de-

fense to the action." In view of this recital, certified to by the trial judge, and the language of the oral motion to dismiss, above quoted, limited, as will be seen, to the ground that the remainder of the plea sets forth no legal defense to the action, and in view of the fact that the plaintiff undertook to make out her case by submitting testimony, it is not certain that the judge intended to strike the plea of not guilty. If he did, he seems to have ruled correctly. The plaintiff brought her complaint by alleging in orderly, distinct, and separate paragraphs the facts on which she relied. The plea of not guilty was not a compliance with the provisions of the Code, § 81-306, that, "In all cases when the defendant desires to make a defense by plea or otherwise, he shall therein distinctly answer each paragraph of plaintiff's petition, and shall not file a mere general denial, commonly known as the plea of 'general issue.' He may in a single paragraph deny or admit any or all of the allegations in any or all of the paragraphs of the petition." But if the plea of not guilty was stricken, the defendant, here the plaintiff in error, does not show that he was prejudiced, even had it been erroneous to strike the plea, because his adversary went to the jury with her proof, indicating that not only the trial judge but counsel for both parties treated the case as one where the plaintiff was obliged to prove her case in order to obtain a verdict; no objection appearing to such a course, and there being nothing in the record to indicate that the defendant was cut off from offering proof himself. Since it does not appear that the defendant was hurt by the ruling, the exception to so much of the order as struck "the remainder" of his plea is, so far as relates to the plea of not guilty, without merit.

■ The exception includes a complaint that the judge struck the defendant's attack on the constitutionality of the act. We do not mean to intimate any doubt as to the correctness of this ruling when we say that, if it was erroneous, it was harmless error. The defendant did not need to rely on the unconstitutionality of that act to prevail. He safely could have assumed that the act was valid, and yet, in an action ex delicto, such as trover, he could not file a counterclaim arising ex contractu. He could, however, rely upon the very evidence which the plaintiff incorporated in her petition, to show by way of defense that she was not entitled to a verdict. It is not necessary in this case to pass upon the validity

of the act, and that being true, the court will not do so.  *Hoover* v. *Pate*, 162 *Ga.* 206 (132 S. E. 703); *Wiley* v. *Douglas*, 168 *Ga.* 659 (148 S. E. 735); *Traylor* v. *Gormley*, 177 *Ga.* 185 (3) (169 S. E. 850).

■ We pass over for the moment the other exceptions to the pleadings, in order to reach the controlling issue, which arises on the failure to grant a new trial on the general grounds that the verdict was contrary to the evidence and contrary to law. The original petition is set forth in substance in the accompanying statement. A reference thereto will disclose that, while the pleader asserted title to the notes sued for to be in her, and alleged their value and a conversion thereof by the defendant, the facts which are the basis of the claim of title are set forth in detail. It was alleged that the petitioner, having purchased from the defendant certain real estate, signed the notes and security deed and delivered them to the defendant. No facts were averred to show that title ever left the defendant. It was alleged that the defendant sold the real estate described in the deed to secure debt, bought it in himself, and that the sale was never confirmed by the superior court; and from this it was claimed that the outstanding notes were fully satisfied. The plaintiff placed one witness on the stand. His evidence went no further than to narrate the precise facts stated in the petition. No other evidence was offered. From the briefs filed herein, it is disclosed that the plaintiff relies on the act approved March 28, 1935 (Ga. L. 1935, p. 381), and takes the position that the effect of failure to obtain an order of confirmation is to reinvest her with title to the unpaid notes. The act does no such thing. It merely declares that, unless such an order is obtained, no action can be taken to obtain a deficiency judgment. The title to the unpaid notes was not altered. Good reasons might have suggested themselves to the lawmakers which induced them not to add a provision that the unpaid notes and the security deed should be delivered to the maker. Perhaps it occurred to them that the creditor would need them as evidence of his title, if he were, as here, the purchaser at the sale. It is true that he can never sue on them, but neither can the holder of a series of notes given by one who has obtained his discharge in bankruptcy obtain a judgment thereon against the maker, if a proper plea be interposed; but it would hardly be suggested that the discharge in bank-

ruptcy would operate to place in the maker the title to the unpaid notes. In the instant suit, evidence from the sole witness sworn in the case showed affirmatively that the title to the property sued for was in the defendant. Therefore it was erroneous to deny the motion for new trial, and it becomes unnecessary to rule whether or not, even without the sworn testimony, a new trial would be proper because of the allegations of fact in the petition which negatived the plaintiff's right to recover. See *Peacock* v. *Terry, 9 Ga.* 137 (6); *Porter* v. *LaGrange Banking & Trust Co., 187 Ga.* 528 (1 S. E. 2d, 441); *Holton* v. *Mercer, 195 Ga.* 47, 50 (23 S. E. 2d, 166); *Gunn* v. *Johnson, 29 Ga. App.* 610 (116 S. E. 921); *Turner* v. *Fuller, 39 Ga. App.* 184 (146 S. E. 494); *New Zealand Fire Ins. Co.* v. *Brewer, 29 Ga. App.* 773 (116 S. E. 922).

*Judgment reversed. All the Justices concur.*