33039.   MERCER *v.* SHIVER.

DECIDED JUNE 21, 1950.

*R. R. Jones,* for plaintiff.

*W. R. Mixon, McDonald & McDonald,* for defendant.

GARDNER, J. ■ There is first presented for determination the question whether the trial judge erred in overruling the plaintiff's demurrer to that portion of the defendant's plea and answer in which he sought recovery of the storage charges on the 134 bales of cotton, which he had permitted the plaintiff to withdraw from his warehouse on the express promise by the plaintiff that he would pay the defendant therefor.

The defendant contends that the plaintiff waived his demurrer to the plea and answer when he filed his amendment to his petition in trover and sought to recover against the defendant for the alleged damage and loss of weight to the cotton stored in the defendant's warehouse. The plaintiff, upon the overruling of this demurrer, properly excepted pendente lite, assigning error thereon in his bill of exceptions to this court. There is no merit in this contention of the defendant. The judgment of the court below overruling the plaintiff's demurrer to that portion of the defendant's cross action in which he sought to recover for the storage charges on the 134 bales of cotton was not such a ruling that had it been adverse to the defendant and a judgment sustaining the demurrer, same would have amounted to a final disposition of the case in the trial court. Even if the court had sustained the plaintiff's demurrer, the case would have been

still pending in the trial court. The defendant denied the material allegations of the plaintiff's petition, denying that the plaintiff had title to the 22 bales of cotton. This formed an issue for trial. A direct bill of exceptions to this court from the ruling on this demurrer would have been premature and the question raised improperly before this court. It therefore follows that the plaintiff properly excepted pendente lite to this ruling. The plaintiff's amendment in response to the allegations in the portion of the defendant's cross action which had been demurred to by the plaintiff did not constitute a waiver of the right of the plaintiff to except to the ruling on the demurrer and assign error thereon here. See Code § 81-301, which provides that, "A defendant may either demur, plead or answer to the petition, or may file one or more or all of these defenses at once without waiving the benefit of either." This Code section is applicable here. The plaintiff was not estopped from complaining of this prior ruling of the court on his demurrer to that portion of the defendant's plea and answer setting up a claim ex contractu for the charges on the 134 bales of cotton, which he permitted plaintiff to remove from his warehouse, where the plaintiff duly filed proper exceptions pendente lite and upon the final determination of the case, assigned error thereon in the direct bill of exceptions to this court sued out by him complaining of the denial of his motion for new trial. See *Albany Phosphate Co.* v. *Hugger Bros.*, 4 *Ga. App.* 771 (1-a) (62 S. E. 533); *Durrence* v. *Waters*, 140 *Ga.* 762 (79 S. E. 841); *Durrence* v. *Waters*, 143 *Ga.* 223 (84 S. E. 471).

■ This brings us to consider whether or not the defendant could set up in his answer to the plaintiff's petition in trover for the 22 bales of cotton which remained in the defendant's warehouse, and on which he had a warehouseman's lien for the storage charges, the storage charges which he claimed as to the 134 bales of cotton removed by the plaintiff from the defendant's warehouse, and for which the defendant did not at that time seek to assert his lien for storage charges.

The action in trover was ex delicto and the fact that it appears from the petition that the property sought by the trover was identified by the defendant's warehouse receipts therefor and that the plaintiff had offered to pay the defendant the stor-

age charges on this cotton, does not convert the proceeding to an action on the contract, that is on the contract of bailment between the parties, as shown by said receipts. The plaintiff in his petition claims title to the cotton sought by the trover and set up that the defendant was in possession thereof, recognizing in the petition the defendant's right to a warehouseman's lien on this cotton for his storage charges. The defendant answered and denied that the plaintiff was entitled to the cotton. The defendant set up by way of cross action that the plaintiff had originally stored with him 156 bales of cotton and that the plaintiff had withdrawn 134 bales of this cotton, leaving 22 bales thereof yet in the warehouse. The defendant alleges that the plaintiff orally promised to pay to him the warehouse charges on this 134 bales, but he did not seek to assert his lien thereon, permitting the plaintiff to have these bales of cotton, upon his contractual obligation, made by an oral promise at the time, to pay the defendant therefor. The defendant thereby lost his claim of lien for storage charges on these 134 bales of cotton. The defendant's claim for these charges and to assert the same against the 22 bales of cotton yet in his possession was ex contractu, and the pending action in trover was one ex delicto.

"All claims arising ex contractu between the same parties may be joined in the same action, and all claims arising ex delicto may in like manner be joined. The defendant may also set up, as a defense, all claims against the plaintiff of a similar nature with the plaintiff's demand." Code § 3-113. In *Bank of Sparta v. Butts*, 4 *Ga. App.* 308 (6) (61 S. E. 298), this court held that "An action of trover against the warehouseman to recover the property represented by the receipt, is an appropriate remedy, where he fails or refuses on demand, to deliver the property to the holder of the receipt." The action is one in tort for conversion of the property by the defendant in trover and the action is not ex contractu on the defendant's warehouse receipts. See *Powers* v. *Wren*, 198 *Ga.* 316, 319 (31 S. E. 2d, 713). These receipts are merely evidence that the cotton was the property of the plaintiff which was being kept for him by the defendant in his warehouse. The action is for the conversion of this property, which occurred when the defendant failed and refused to deliver same to the plaintiff on demand therefor. See *Southern*

*Express Co.* v. *Sinclair,* 130 *Ga.* 372 (60 S. E. 849). When the defendant delivered the 134 bales of cotton to the plaintiff he thereby lost his claim of lien thereon. See Code § 111-431 (Ga. L. 1937-38, Ex. Sess., pp. 390, 402). The defendant's right of action, if any, for the failure of the plaintiff to comply with his oral promise and agreement to pay the defendant the amount of the storage charges on the 134 bales of cotton is an action for breach of contract and not an ex delicto proceeding. The defendant was entitled to his remedy at law to sue for the charges on this cotton. Code § 111-434 (Ga. L. 1937-38, Ex. Sess., pp. 390, 403). However, for the defendant to seek to recover for these charges, unpaid by the plaintiff in accordance with his parol agreement with the defendant at the time he was permitted to remove this cotton from defendant's possession, is to seek to enforce a claim for damages ex contractu in defense to an action ex delicto and no special equitable grounds appear, such as non-residence or insolvency of the plaintiff. Such a claim by the defendant as to the 134 bales of cotton, not in his possession, was not the proper subject-matter for setoff in this trover action. See *Barrow* v. *Mallory Bros.,* 89 *Ga.* 76 (14 S. E. 878); *Bell* v. *Ober & Sons,* 111 *Ga.* 668(3) (36 S. E. 904); *Youngblood* v. *Armour Fertilizer Works,* 23 *Ga. App.* 731 (1, 2) (99 S. E. 314); *Harden* v. *Lang,* 110 *Ga.* 392 (2), 398 (36 S. E. 100). In the *Harden* case, the court said: "The action of trover is, of course, an action sounding in tort, the gist of which is the conversion by one of the goods of another. The damages sought to be pleaded, being for the breach of a contract, had their existence by virtue of the contract." In the case at bar, the parol promise of the plaintiff to pay the defendant the charges on the 134 bales of cotton had not been fulfilled by the plaintiff. This agreement was breached by the plaintiff. There is neither insolvency nor non-residence of the plaintiff involved. There is no such equitable ground as will abrogate the rule laid down by the above decisions and under the Georgia statute "Equity will not aid a defendant in actions at law as to matters of setoff and recoupment when his legal remedies are complete and adequate." *Collins* v. *Clayton,* 53 *Ga.* 650. The fact that the defendant will have to institute a separate action against the plaintiff to recover for the storage charges on the 134 bales of cotton,

which he permitted the plaintiff to remove from the warehouse upon his promise to pay defendant therefor, does not entitle the defendant to any equitable accounting. His remedy is on the contract by separate proceeding and not by way of setoff to this trover action.

This case is not like *Ford & Co.* v. *Atlantic Compress Co.,* 138 *Ga.* 496 (75 S. E. 609). The action there was ex contractu. The plaintiff here did not elect to sue in assumpsit but to maintain his action in trover for the property. The plaintiff could have maintained an action on the warehouse receipts, that is on the contract embodied therein. However, the plaintiff did not bring this type of action, but claimed title and set up that the defendant was in possession of the cotton and had refused to deliver the same on demand. Nothing to the contrary of what we now hold was held in *Crandall* v. *Shepard,* 166 *Ga.* 396 (143 S. E. 587). There was no equitable setoff involved as in *Burns* v. *Hill,* 19 *Ga.* 22 (6), and in *Dyson* v. *Washington Telephone Co.,* 157 *Ga.* 67 (121 S. E. 105). The situation here involved does not come within the provisions of Code § 107-102, which in certain instances permits a defendant to plead a setoff or to recoup in damages where the suit to recover personal property is brought by the vendor and he retains title thereto. In the case of *Powers* v. *Wren,* 198 *Ga.* 319 (supra), the Supreme Court ruled that the action being trover was in tort and the cross action being on the contract, the two claims were not of a similar nature. In that case the court held that the trial judge properly sustained the demurrer to so much of the defendant's plea and answer as attempted to set off certain notes claimed by the defendant to be owing him by the plaintiff, even though the two actions or claims grew out of the same transaction. In ruling upon this demurrer to the cross action, the allegations of the plaintiff's amendment, filed after the ruling overruling the demurrer, are not involved. The allegations of the original petition in trover, together with the defendant's answer thereto, are the sole pleadings involved. No facts sufficient to authorize a court of equity to permit a setoff of matters ex contractu in this trover action appear.

It follows that the court below erred in overruling the plaintiff's demurrer to that portion of the defendant's answer as sought to recover the charges on the 134 bales of cotton, for which the

defendant's claim was one ex contractu. This being true, the subsequent proceedings in the case, which resulted in a verdict for the storage charges on the entire 156 bales in the defendant's favor, were nugatory, and unless the defendant will write off from the verdict for $900 in his favor the sum of $636, being the amount recovered by the defendant for the storage charges on the 134 bales of cotton removed by the plaintiff from the defendant's warehouse, the judgment of the court below shall be reversed and the case tried over on the issue formed by the plaintiff's petition and the answer of the defendant thereto, with paragraphs 4 through 11 inclusive stricken.

*Judgment affirmed with direction that the defendant write off $636, in default of which the judgment shall stand reversed. MacIntyre, P.J., and Townsend, J., concur.*