39109, 39110.   WILKES v. SHEPPARD; and *vice versa.*

Decided October 27, 1961.

*Jones & Douglas, Paul J. Jones, Jr.,* for plaintiff in error.
*Larsen & Larsen, W. W. Larsen,* contra.

Felton, Chief Judge. ■ The parties stipulated that the plaintiff would testify that the dog sued for belonged to him. Since there was no evidence contradicting this fact, the court did not err in directing a verdict in favor of the plaintiff for the dog.

■ The questions concerning the motion to dismiss the defendant's plea in abatement and plea of setoff can be answered together. The court did not err in striking the plea in abatement

for the same reason that he erred in refusing to dismiss the plea of setoff or counter-claim. The plea in bar and the plea of set-off, or counter-claim, involved a claim which could only be based on the theory of implied contract to pay the defendant, assuming but not deciding that such a claim could be sustained. What the court stated in *Powers v. Wren*, 198 Ga. 316, 319 (31 SE2d 713) seems to be sufficient to cover the issues raised by the two motions to dismiss. The court in that case stated: "The present action is a trover suit. The gist of such an action is conversion. *Southern Express Co. v. Sinclair*, 130 Ga. 372 (60 SE 849). It is one brought against a wrongdoer and sounds in tort. The cross-action was on contract. The two claims were not of a similar nature. This was a sufficient reason to strike the cross-action. *McArthur v. Wilson*, 13 Ga. App. 502 (79 SE 374); *Hecht v. Snook & Austin Furniture Co.*, 114 Ga. 921 (41 SE 74). . . With the one exception contained in the *Code*, § 107-102, which is not here applicable, no counter-claim is permitted to be urged in an action of trover, in the absence of exceptional circumstances sufficient to give rise to equitable relief. *Barrow v. Mallory*, 89 Ga. 76 (14 SE 878); *Harden v. Lang*, 110 Ga. 392, 396 (36 SE 100). The section above cited, codified from the act approved August 15, 1903 (Ga. L. 1903, p. 84), which in certain instances permits a defendant to plead a set-off or to recoup in damages, is limited to suits brought to recover personal property where the vendor retains title. This is not that kind of a case."

The court did not err in directing a verdict in favor of the plaintiff for the dog sued for. The court did not err in dismissing the plea in abatement but did err in overruling the motion to dismiss the plea of setoff or cross-action. The judgment in favor of the plaintiff for the dog sued for shall remain in effect. The court is directed to dismiss the plea of setoff or cross-action and this will, under the circumstances of this case, terminate the litigation. In view of the ruling on the motion to dismiss the plea of setoff or cross-action, it is not necessary to rule on the exception to the overruling of the motion for a new trial.

*Judgment reversed on the main bill of exceptions and affirmed on the cross-bill. Bell and Hall, JJ., concur.*