42699.   MARTIN et al. v. PHELPS.

ARGUED APRIL 3, 1967—DECIDED APRIL 14, 1967.

*Sidney T. Schell, Paul A. Martin, Thomas H. Antonion,* for appellants.

*Mackay & Elliott, Thomas W. Elliott,* for appellee.

FELTON, Chief Judge. ■ "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters *put in issue,* or which *under the rules of law might have been put in issue* in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." (Emphasis supplied.) *Code* § 110-501.

"[W]ith the one exception contained in the *Code,* § 107-102, which is not here applicable, no counterclaim is permitted to be urged in an action of trover, in the absence of exceptional

circumstances sufficient to give rise to equitable relief." *Powers v. Wren*, 198 Ga. 316, 319 (1) (31 SE2d 713) and cit.; *Wilkes v. Sheppard*, 104 Ga. App. 710, 712 (2) (122 SE2d 534). The appellee's cross bill, based upon contract, was not properly filed in the appellant's bail trover action, sounding in tort; therefore, the matters contained in the cross bill could not have been put in issue in that cause "under the rules of law." *Code* §§ 3-113, 110-501; *McArthur v. Wilson*, 13 Ga. App. 502 (79 SE 374); *Hecht v. Snook & Austin Furniture Co.*, 114 Ga. 921 (41 SE 74).

The impermissible filing of appellee's cross claim could have been waived by the appellant and there is nothing in the record to show that the improper joinder was not waived. The plea of res judicata did not set forth fully all of the proceedings in the alleged former adjudication which is pleaded in bar of the action, as it must do. *Scarborough v. Edgar*, 176 Ga. 574 (3), 581 (168 SE 592). Even if there was a waiver, however, the default judgment in the former case, as set forth in the plea, did not adjudicate the issues attempted to be raised by the cross bill, but merely awarded judgment to the appellant for possession of the property which was the subject of the bail trover proceeding. Since the judgment in the former case could have been reached without the points made by the cross bill in issue, the judgment was not conclusive as to those points. *Henderson v. Fox*, 80 Ga. 479 (6 SE 164).

The effect of the default judgment, then, was tantamount to a dismissal of the cross bill for want of prosecution without an adjudication on its merits. Accordingly, the superior court did not err in its judgment denying appellants' plea of res judicata.

■ Similarly, the court did not err in its judgment denying the oral motion to strike Count 2 of the petition, whether such motion was based upon res judicata, which we have held to be without merit in Division 1, hereinabove, or upon a failure to state a cause of action. The judgment in question indicates that a ruling adverse to appellants had already been made on their general demurrer (excluded from the record by their notice of appeal), which ruling became the law of the case upon their apparent failure to renew the demurrer after the

petition was amended. See *Jordan v. J. C. Penney Co.,* 114 Ga. App. 822, 823 (1) (152 SE2d 786), and cit.

■ The court did not err in its judgment dismissing the appellant's answer and cross complaint for the same reason that appellee's cross bill was not permissible, viz., it sounded in tort, whereas the petition was based upon a contract.

■ Since the above antecedent judgments appealed from were all correct, the verdict for the plaintiff is assumed to be authorized, in the absence of a transcript of the evidence or any enumeration of error with regard to the sufficiency of the evidence; therefore, the court did not err in rendering final judgment for the plaintiff against defendant Paul A. Martin on the verdict.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*