## 52857. EVANS v. EQUICO LESSORS.
## 52858. STUDSTILL v. EQUICO LESSORS.

STOLZ, Judge.

The plaintiff brought his complaint alternatively under Code Chapters 67-7 and 61-3 seeking a writ of possession of personal property. The defense was based on these Code sections and the trial judge entered his decision and judgment by applying them. Neither Code provision is applicable. Code Ch. 67-7 deals with "Foreclosure of Mortgages on Personalty." This case under its facts is not a foreclosure of a mortgage. Code Ch. 61-3 provides a dispossessory warrant proceeding in real estate disputes. This case is not a real estate dispute.

This case is simply a trover action and is controlled by Title 107 of the Code. It is a suit to recover possession of machinery leased to defendant for a term which had expired. Although defendant claimed he had purchased the machinery, he entered a solemn admission in judicio that he was "wrongfully withholding" the property from plaintiff. Defendant did this in his answer by admitting this allegation in plaintiff's complaint. One is bound by one's admission in judicio. *Kirkpatrick v. Faw,* 184 Ga. 170, 177 (190 SE 566). Thus, by the defendant's admitting a "wrongful withholding" of property in what is a trover action, a judgment is demanded for the plaintiff. See *Small v. Wilson,* 20 Ga. App. 674, 676 (93 SE 518) and *Mitchell v. Ga. & A. R. Co.,* 111 Ga. 760 (36 SE 971).

That portion of the judgment granting possession of the property to plaintiff is affirmed. The remainder of the judgment is reversed.

*Judgment affirmed in part and reversed in part. Bell, C. J., and Clark, J., concur.*

SUBMITTED OCTOBER 6, 1976 — DECIDED NOVEMBER 30, 1976.

*Rembert C. Cravey,* for appellants.
*James E. Boyers, Jr.,* for appellee.