61448. HANOVER INSURANCE COMPANY v. NELSON CONVEYOR & MACHINERY COMPANY et al.

POPE, Judge.

Appellant Hanover Insurance Company brought this action in trover against appellees seeking damages and the rental value of a

1971 Kenworth tractor to which Hanover claimed title. We granted an application for interlocutory appeal in order to review the trial court's denial of Hanover's motion for summary judgment.

1. Hanover contends that the trial court erred in denying that portion of its motion for summary judgment which alleged a conversion by appellees resulting from their holding and refusing to deliver the tractor, the same being a specific chattel to which Hanover claimed title. " 'The issue in an action of trover is ordinarily one of title, and the gist of the action is conversion, that is to say, that the defendant has wrongfully deprived the plaintiff of possession. Where such a state of facts exist trover will lie.' " *Abney v. M. B. Thomas &c. Co.,* 93 Ga. App. 224 (1) (91 SE2d 189) (1956).

The record shows that the subject vehicle was involved in an accident while hauling a load of steel near Knoxville, Tennessee. Since the accident blocked the road and appellees were unable to arrange for someone else to clear the wreckage, a crew was dispatched from appellees' base of operations in Pembroke, Georgia to handle the clean-up and salvage. The tractor was returned to Pembroke. A dispute arose as to whether Hanover, as appellees' insurance carrier, was obligated to pay for the clean-up and salvage operation.

The record also shows a bill of sale and a certificate of title which transferred ownership of the tractor from appellees to Hanover for $13,500 and apparently in settlement of the insurance claim. When Hanover demanded possession of the tractor after the sale, appellees refused. Hanover contends that appellees admitted that Hanover owned the tractor and had title thereto. Indeed, the deposition of Dennis E. Nelson, appellees' president, supports Hanover's contention. However, in his affidavit opposing the summary judgment, Nelson contends that appellees' costs in the clean-up and salvage operation were part of the consideration for the sale of the tractor and that this consideration has not been paid.

" 'The plaintiff [Hanover], as movant for summary judgment, has the burden of establishing the absence of any genuine issue of material fact and of [its] right to recover as a matter of law. [Cit.] The [appellees], as the [parties] opposing the motion, [are] entitled to all favorable inferences and the evidence is to be construed most strongly in [their] favor. [Cit.] '(A)ll the evidence adduced on said motion, including the testimony of the party opposing the motion, must be construed most strongly against the movant.' " *Ga. Health Care, Inc. v. Loeb,* 151 Ga. App. 350 (1) (259 SE2d 734) (1979). However, Nelson's affidavit to the effect that he thought the cleanup and salvage costs were to be a part of the consideration for executing the bill of sale and certificate of title conflicts with the only consideration set forth on the bill of sale, viz., $13,500. Although

permissible to inquire into consideration, where the principles of justice require it, one of the parties to a contract cannot, under the guise of inquiring into consideration, engraft upon the contract a new condition which imposes an additional affirmative obligation upon the other party. *Stonecypher v. Ga. Power Co.,* 183 Ga. 498 (3) (189 SE 13) (1936); Code Ann. § 38-501. Since appellees' assertions regarding the clean-up and salvage costs would impose an additional affirmative obligation upon Hanover, such evidence does not, in light of Nelson's deposition, create a genuine issue of fact as to Hanover's right to possession of the tractor. See *Motz v. National Bank of Ga.,* 156 Ga. App. 871 (275 SE2d 809) (1981); *Whiteside v. Douglas County Bank,* 145 Ga. App. 775 (2) (245 SE2d 2) (1978). In any event, since appellees did not raise failure of consideration as an affirmative defense in their pleadings, such a defense was waived and could not be raised by affidavit in support of a motion for summary judgment. *First Nat. Bank v. McClendon,* 147 Ga. App. 722 (250 SE2d 175) (1978); *New House Products v. Commercial Plastics &c. Corp.,* 141 Ga. App. 199 (1) (233 SE2d 45) (1977); Code Ann. § 81A-108 (c). Therefore, to the extent that the trial court found that a material issue of fact remained as to the title of the tractor, the order denying Hanover's motion for summary judgment is reversed. Cf. *Evans v. Equico Lessors,* 140 Ga. App. 583 (231 SE2d 534) (1976).

2. In its petition Hanover sought to recover $5000 as the value of the tractor plus $1200 per year from May 16, 1979 as the tractor's rental value. "The plaintiff in an action to recover personal property may elect whether to accept an alternative verdict for the property or its value, or whether to demand a verdict for the damages alone, or for the property alone and its hire, if any; and it shall be the duty of the court to instruct the jury to render the verdict as the plaintiff may thus elect." Code Ann. § 107-105. Under the present state of the pleadings Hanover has apparently elected to pursue a money verdict — the value of the tractor at the date of conversion with reasonable hire from that date to the date of trial. *Commercial Auto Loan Corp. v. Baker,* 73 Ga. App. 534 (4) (37 SE2d 636) (1946). See also *Jaques v. Stewart,* 81 Ga. 81 (2) (6 SE 815) (1888); *Norred v. Dispain,* 119 Ga. App. 29 (5) (166 SE2d 38) (1969); *Smith v. Duke,* 6 Ga. App. 75 (2) (64 SE 292) (1909). However, the record discloses considerable dispute as to the value of the tractor and its rental value. Accordingly, a jury question remains as to the amount of Hanover's recovery. *Home Ins. Co. v. Cook,* 96 Ga. App. 139 (3) (99 SE2d 567) (1957).

3. In their answer appellees set forth a claim against Hanover for expenses incurred as a result of the clean-up and salvage operation in Tennessee and also for $3.50 per day from May 16, 1979 as a storage fee on the tractor. In its motion for summary judgment,

Hanover contended (a) that a counterclaim was not possible in an action in trover and (b) that there could be no set-off relating to charges for protection and storage of a chattel belonging to it which appellees admittedly refused to deliver, this having been a straight sale with no retention of title by appellees as the sellers.

(a) Hanover cites *Ellis, McKinnon & Brown v. Hopps,* 30 Ga. App. 453 (6) (118 SE 583) (1923), and *Youngblood v. Armour Fertilizer Works,* 23 Ga. App. 731 (1) (99 SE 314) (1919), in support of its contention that appellees may not, under the circumstances in this case, pursue a counterclaim based upon an alleged oral agreement in an action in trover. The reasoning behind such a prohibition is explained in *Wilkes v. Sheppard,* 104 Ga. App. 710, 712 (122 SE2d 534) (1961): " 'The present action is a trover suit. The gist of such an action is conversion. [Cit.] It is one brought against a wrongdoer and sounds in tort. The cross-action [counterclaim] [is] on contract. The two claims [are] not of a similar nature. This [is] sufficient reason to strike the cross-action.' " However, the Civil Practice Act now governs all civil suits. Code Ann. § 81A-101.

Code Ann. § 81A-181 provides that the Civil Practice Act shall apply to all special statutory proceedings, such as trover, except to the extent that such special statutory proceedings prescribe "specific rules of practice and procedure in conflict herewith. . . but, in any event, the provisions . . . governing . . . counterclaims . . . shall apply to all such proceedings." Under the CPA an ex contractu counterclaim may be asserted against an ex delicto action. *Elsner v. Cathcart Cartage Co.,* 124 Ga. App. 615 (2) (184 SE2d 685) (1971); Code Ann. § 81A-113. Therefore, notwithstanding the fact that the statute governing actions in trover contains an express provision regulating "counterclaims" (Code Ann. § 107-102; see generally *Gwinnett Commercial Bank v. Flake,* 151 Ga. App. 578 (1) (260 SE2d 523) (1979)), the trial court did not err in denying Hanover's motion to dismiss the counterclaim. Cf. *Patterson v. Loggins* 142 Ga. App. 868 (1) (237 SE2d 469) (1977).

(b) Based on the record before us in this case, the question of whether or not there existed a relationship between the parties such as would authorize appellees to recover a "storage fee" presents an issue of fact for resolution by a jury. See *American Airmotive Co. v. Meyer,* 81 Ga. App. 554 (59 SE2d 514) (1950).

*Judgment affirmed in part and reversed in part. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 19, 1981.

*Willis J. Richardson, Jr.,* for appellant.

*Kenneth S. McBurnett,* for appellees.