**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**June 28, 2017**

# In the Court of Appeals of Georgia

A17A0230. GEORGIA PORTS AUTHORITY v. LAWYER.

BRANCH, Judge.

This case arises out of injuries sustained by Bruce Lawyer while working aboard a ship docked at the Garden City Terminal in the Port of Savannah. A Chatham County jury found that these injuries were caused by the negligence of a Georgia Ports Authority ("GPA") employee, and awarded Lawyer $4.5 million in damages. After the jury returned its verdict, the trial court issued an order denying the GPA's pretrial motion to dismiss Lawyer's federal maritime claim for lack of subject matter jurisdiction and entered judgment in favor of Lawyer. The GPA now appeals each of these orders. The GPA argues that the trial court erred in finding that the GPA is not an instrumentality of the State and therefore is not entitled to immunity from suit under the Eleventh Amendment to the United States Constitution. Additionally,

the GPA contends that the trial court erred in denying its motion for a directed verdict on Lawyer's maritime claim because Lawyer failed to come forward with any evidence that his injury occurred on navigable waters. For reasons explained more fully below, we find no error and affirm.

The facts giving rise to this lawsuit are not in dispute and the parties agree that Lawyer was injured while working aboard the M/V Ibrahim Dede, a ship that was docked at a facility located on the Savannah River. Lawyer's job on that day was to secure containers of cargo that were being transferred onto the ship via a ship-to-shore river crane operated by a GPA employee. During that process, the negligence of the crane operator caused one of the "twist locks" attached to the container being loaded to dislodge and fall into the ship's cargo hold, where Lawyer was working. The twist lock – which is a metal piece weighing approximately 16 pounds – struck Lawyer in the head, inflicting permanent, life-changing injuries. Lawyer thereafter sued the GPA in superior court, asserting claims under both federal maritime law and the Georgia Tort Claims Act ("GTCA"), OCGA § 50-21-20, et seq. Prior to trial, the GPA moved to dismiss Lawyer's maritime claim on the ground that because the GPA was an arm of the State, the Eleventh Amendment immunized it from suits for

2

violations of federal law. The trial court reserved ruling on that motion until after trial.[1]

The jury returned a verdict in which it found that GPA's negligence was the sole cause of Lawyer's injuries and awarding Lawyer damages of $4.5 million. The trial court thereafter considered GPA's motion to dismiss and denied the same. That same day, the trial court entered the order of judgment in favor of Lawyer and against the GPA. This appeal followed.

1. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "It has

---

[1] The deferred ruling appears to result from the fact that the GTCA caps damages at $1 million. See OCGA § 50-21-29 (b) (1). Thus, had Lawyer prevailed at trial but been awarded $1 million or less in damages, the question of Eleventh Amendment immunity would have been moot, as the GPA would be liable for that judgment under the GTCA. The $4.5 million award, however, made a decision on Eleventh Amendment immunity necessary because such immunity would allow the GPA to avoid paying $3.5 million of that amount. See *In re State of New York*, 256 U. S. 490, 497 (41 SCt 588, 65 LEd 1057) (1921) (Eleventh Amendment immunity applies to federal admiralty and maritime claims). In the absence of such immunity, however, the GPA is liable for the entire judgment. See *Workman v. Mayor of New York City*, 179 U. S. 552, 560 (21 SCt 212, 45 LEd 314) (1900) (federal maritime law preempts any state-conferred immunity).

long been settled" that the protections afforded by the Eleventh Amendment extend "not only [to] actions in which a State is actually named as the defendant, but also [to] certain actions against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U. S. 425, 429 (II) (117 SCt 900, 137 LE2d 55) (1997) (citations omitted). And in 1999, the United States Supreme Court held that the Eleventh Amendment also protects the states and any arm thereof from private suits brought against them in their own courts. *Alden v. Maine*, 527 U. S. 706, 754 (II) (4) (119 SCt 2240, 144 LE2d 636) (1999).

Several years after the decision in *Alden*, this Court summarily held that "[f]or purposes of determining Eleventh Amendment immunity, the GPA is an instrumentality of the State of Georgia." *Ga. Ports Auth. v. Andre Rickmers Schiffsbeteiligungsges MBH & Co. KG*, 262 Ga. App. 591, 593-594 (2) (585 SE2d 883) (2003), citing *Hodges v. Tomberlin*, 510 F Supp. 1280, 1281 (S. D. Ga. 1980). Our Supreme Court granted certiorari to consider "whether the Georgia Ports Authority is entitled to immunity under the Eleventh Amendment . . . for claims sounding in maritime law." *Hines v. Ga. Ports Auth.*, 278 Ga. 631, 631 (604 SE2d 189) (2004). As part of its analysis, our Supreme Court adopted the three-part test articulated by the United States Court of Appeals for the Eleventh Circuit for

4

determining whether an entity is an instrumentality of the state for purposes of the Eleventh Amendment. Id at 634. Under that test, whether a state entity is entitled to Eleventh Amendment immunity depends upon three factors: "(1) how state law defines the entity; (2) what degree of control the state maintains over the entity; and (3) from where the entity derives its funds and who is responsible for satisfying the judgments against the entity." Id., citing *Vierling v. Celebrity Cruises*, 339 F3d 1309, 1314 (11th Cir. 2003). After considering these factors, the *Hines* court concluded that the GPA "is not an arm of the State." Id. at 637. In doing so, however, the court indicated that the evidentiary record in the case was not as substantial as the Court might have liked, noting that the GPA "chose to submit its contention of immunity to the trial court on a motion to dismiss [based on the plaintiffs' failure to comply with the procedural requirements of the GTCA], rather than on a motion for summary judgment . . . ." Id. at 636, n. 32 (further observing that "[a]n analysis of the [GPA] budget would be most useful in determining whether it was dependent upon the State," but that because of the case's procedural posture, no such analysis had been presented).

Here, the GPA moved to dismiss Lawyer's federal law claim under OCGA § 9-11 -12 (b) (1) and (h) (3) for lack of subject matter jurisdiction. In support of this

5

motion, the GPA filed a significant amount of documentary and testimonial evidence to demonstrate its argument that under the three-part test adopted in *Hines*, the GPA is an instrumentality of the State of Georgia. On appeal, therefore, the GPA asserts that the holding in *Hines* should be reconsidered in light of the evidentiary record in this case. Regardless of the merits of the GPA's arguments on this issue, however, we are not at liberty to reconsider *Hines*, as "this Court has no authority to overrule or modify a decision made by the Georgia Supreme Court." *Chin Pak v. Ga. Dept. of Behavioral Health & Developmental Disabilities*, 317 Ga. App. 486, 488 (731 SE2d 384) (2012). See also Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI ("the decisions of the Supreme Court shall bind all other courts as precedents") (footnote omitted); *Cargile v. State*, 194 Ga. 20, 22 (1) (20 SE2d 416) (1942) (the constitutional provision that decisions of Supreme Court shall bind the Court of Appeals as precedents is applicable in all cases). Accordingly, because we are bound by the Georgia Supreme Court's holding that the GPA is not entitled to immunity under the Eleventh Amendment, we affirm the trial court's denial of the GPA's motion to dismiss Lawyer's maritime claim.

2. In its second enumeration of error, the GPA contends that the trial court erred in denying its motion for directed verdict on Lawyer's maritime claim because

he failed to present any evidence that the accident in question occurred on navigable waters.[2] This argument, however, ignores the admissions contained in the GPA's answer to Lawyer's complaint.

Lawyer alleged in his complaint that at the time of the accident, the Ibrahim Dede "was located on the navigable waters of the United States for the purpose of loading and discharge of cargo." And in its answer, the GPA admitted this allegation. This part of the answer constitutes an admission in judicio, and because the GPA never sought to withdraw this admission or otherwise amend its answer, it is bound

---

[2] Federal maritime law "governs only those torts occurring on the navigable waters of the United States." *Executive Jet Aviation, Inc. v. City of Cleveland, Ohio*, 409 U. S. 249, 254 (I) (93 SCt 493, 34 LEd2d 454) (1972) (citation and punctuation omitted). See also *Minnie v. Port Huron Terminal Co.*, 295 U. S. 647, 648 (55 SCt 884, 79 LEd 1631) (1935).

> The Supreme Court of the United States long ago defined "navigable waters" as waters that are capable for use in commerce[.] . . . "[Waters] are navigable in fact when they are used, or are susceptible of being used, in their ordinary condition, as highways for commerce, over which trade and travel are or may be conducted in the customary modes of trade and travel on water."

*Tundidor v. Miami-Dade County*, 831 F3d 1328, 1331 (III) (11th Cir. 2016), quoting *The Daniel Ball*, 77 U. S. (10 Wall.) 557 (19 LEd 999) (1870).

by the same. See *Walker v. Jack Eckerd Corp.*, 209 Ga. App. 517, 519 (1) (434 SE2d 63) (1993) ("a party to a suit will not be allowed to [contest] an admission made in his pleadings, without withdrawing it from the record"); *Four Square Constr. Co., Inc. v. Jellico Coal & Charcoal Co.*, 145 Ga. App. 650, 650 (244 SE2d 612) (1978); *Evans v. Equico. Lessors*, 140 Ga. App. 583, 583 (231 SE2d 534) (1976). Moreover, because this admission is binding on the GPA, it operated to relieve Lawyer of the burden of coming forward with evidence to prove that his injury occurred on navigable waters. *Jabaley v. Jabaley*, 208 Ga. App. 179, 179 (1) (430 SE2d 119) (1993). See also OCGA § 24-8-821 ("[w]ithout offering the same in evidence, either party may avail himself or herself of allegations or admissions made in the pleadings of the other"); *NationsBank, N. A. v. Tucker*, 231 Ga. App. 622, 624-625 (2) (500 SE2d 378) (1998) (an admission in defendant's answer that defendant neither withdraws nor amends becomes an admission in judicio and requires no further proof at trial). Accordingly, we find no error in the trial court's denial of the GPA's motion for a directed verdict on Lawyer's claim under federal maritime law.

For the reasons set forth above, we affirm both the denial of the GPA's motion to dismiss for lack of subject matter jurisdiction and the denial of its motion for a directed verdict.

*Judgment affirmed. McFadden, P. J., and Bethel, J., concur.*